■ In the Matter of HAROLD P. SCHWARZ, Respondent, v NEW YORK STATE EDUCATION DEPARTMENT, Appellant. — Appeal from a judgment of the Supreme Court at Special Term (Conway, J.), entered January 20, 1981 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the New York State Education Department which refused to grant petitioner a license to practice medicine. Petitioner Harold Schwarz, a New York resident and an American

---

citizen, received a degree of Doctor of Medicine from Manila Central University in the Philippines on April 16, 1978. After graduation, he returned to the United States to complete his medical training through the "Fifth Pathway", a program created by the American Medical Association to permit foreign medical graduates to receive clinical training under the auspices of an American medical school in an American medical hospital. He passed the Education Commission of Foreign Medical Graduates examination and successfully completed a program of supervised clinical training at New York University in psychiatry at Long Island Jewish Medical Center, passed the F.L.E.X. examination and thereafter was issued a license to practice medicine by the State of Connecticut on September 13, 1979. Petitioner subsequently applied to the New York State Education Department for a license to practice medicine in New York pursuant to section 6528 of the Education Law. He was refused licensure under this section because he had already received a foreign medical degree and it was decreed that he would have to apply for licensure under general statutory and regulatory requirements applicable to graduates of foreign medical schools. Respondent interpreted section 6528 to be applicable only to foreign students who had not yet received their medical degrees. Petitioner commenced this article 78 proceeding to annul the action of respondent on the ground that it was arbitrary and capricious. Special Term granted the petition and directed respondent to issue a license to practice medicine to petitioner. This appeal by respondent ensued. The judgment entered at Special Term should be affirmed. Respondent's refusal to grant petitioner a license to practice medicine was arbitrary and capricious. Respondent claims that section 6528 is inapplicable to petitioner because paragraph (2) of subdivision (a)[*] thereof limits its application to individuals who have completed all of a foreign medical school's formal requirements, except internship or social service. Respondent notes that petitioner has offered no proof that internship and/or social service were formal requirements of the foreign medical school he attended. Thus petitioner, it is claimed, is not within the class of persons covered by the statute and was, therefore, properly excluded from licensure under section 6528 of the Education Law. We disagree and decline to put such a narrow and strained construction on section 6528 (subd [a], par [2]). Respondent's contention that paragraph (2) excludes graduates of foreign medical schools who necessarily have completed all formal requirements of the foreign medical school from licensure pursuant to section 6528 is incompatible with the purpose for which the statute in question was enacted. A review of the record indicates that the legislative memoranda and correspondence submitted in support of passage of the statute establish that section 6528 was enacted to provide an alternative way for United States citizens, and particularly New York residents who attend foreign medical schools, to qualify for a license to practice medicine in New York and to encourage such people to practice medicine in New York as a way of solving the shortage of interns and residents in the State. Some foreign medical schools require candidates for graduation to serve years of internship and/or social service in order to qualify for a medical degree. The intent of the Legislature in enacting this statute was to remove the necessity of undergoing foreign internship and/or social service of several years duration and to allow New York residents to otherwise qualify while still maintaining adequate standards to protect the public. These foreign medical students could obtain necessary clinical training in United States schools. The quality of education is unaffected by whether the applicant for section 6528 licensure obtained a degree from the foreign medical school or not. There is no difference in the standards applied to applicants who do or do not do so.

---

[*] This paragraph reads: "has completed all of the formal requirements of the foreign medical school except internship and/or social service".

Therefore, there is no reason to treat a licensure candidate possessing such a degree differently from one who does not. The interpretation placed on the statute by respondent, therefore, is unwarranted. Respondent's refusal to consider applications for licensure from foreign medical school graduates under section 6528 of the Education Law, therefore, lacks a rational basis. Respondent also found that petitioner was not qualified for licensure by indorsement pursuant to 8 NYCRR 604 (a) (1) (now 8 NYCRR 60.6 [a] [1]) because he had not met a requirement of one additional year of postgraduate training. However, petitioner has met New York licensing requirements and is also entitled to a license by indorsement. Judgment affirmed, with costs. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.