■ In the Matter of ABRAHAM J. LOCK, Appellant, v NEW YORK STATE EDUCATION DEPARTMENT, Respondent. ABRAHAM J. LOCK, Appellant, v NEW YORK STATE EDUCATION DEPARTMENT, Respondent. — Appeal from an order and judgment of the Supreme Court at Special Term (Bradley, J.), entered September 29, 1983 in Albany County, which (1) dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the State Education Department denying petitioner a license to practice medicine in New York State, and (2) granted, on the merits, the State Education Department's motion to dismiss the complaint. ¶ Petitioner, holder of a doctorate in philosophy with a major in physics from Yeshiva University, subsequently graduated in 1976 from a 24-month accelerated program of medical education at a medical school in Juarez, Mexico. He then entered postgraduate training as an intern or resident at four New York City hospitals, and after passing a qualification examination for foreign medical graduates (the E.C.F.M.G. examination) and the medical licensing examination (F.L.E.X. examination), was licensed by the States of Maryland and New Jersey. His application for licensure in New York State was denied by the State Board of Regents on January 19, 1982. ¶ By CPLR article 78 proceeding commenced on May 17, 1982, petitioner alleged that the denial was without valid reason and arbitrary and capricious. Petitioner also alleged that the lack of a hearing on his administrative appeal was a denial of due process and that the State Education Department unconstitutionally discriminated against the Mexican medical school. Petitioner simultaneously commenced an action seeking a judgment declaring the Department guilty of unlawful discrimination, directing the Department to cease and desist use of the Liaison Committee of Medical Education (L.C.M.E.) to accredit medical schools, and finding the use of the L.C.M.E. to be an unconstitutional delegation of the Department's authority. Special Term consolidated the Department's objections in point of law to the petition with its motion to dismiss the complaint and, in a single order and judgment, dismissed both the petition and complaint on the

merits. ¶ The order and judgment should be affirmed. Section 6524 of the Education Law requires completion of education in accordance with the Commissioner's regulations (8 NYCRR 60.1 [a]),[*] which at the time required completion of a curriculum of not less than 32 months. The evidence submitted showed an accelerated undergraduate medical education program of 24 months and an award of credit for an additional 12 months of education on the basis of postgraduate employment in intern and residency programs to be performed in the future in New York City. Petitioner concedes his failure to comply with the regulation, but argues that the Department's refusal to waive the 32-month requirement was arbitrary and capricious, contending that such waiver had been given in the past. The Department's reasons for refusal include petitioner's failure to demonstrate that his doctorate in physics was equivalent to the missing year of medical school, the lack of accreditation of the Mexican medical school, and the failure of the Mexican school to cooperate with or respond to inquiries made by the Department in its investigation. These reasons afford substantial evidence to support the determination which, not having been shown to be arbitrary or capricious, should not be disturbed (*Matter of Pell v Board of Educ.,* 34 NY2d 222). ¶ More troublesome is the contention that petitioner was wrongfully denied participation in the "Fifth Pathway" program which, pursuant to section 6528 of the Education Law, permits licensure to United States residents who complete all studies at foreign schools which are recognized by the World Health Organization, except the internship or social service requirements of such foreign school. The statute provides for licensure if the student passes a qualifying examination and completes one year of supervised clinical training at an approved domestic medical school. Petitioner argues that our decision in *Matter of Schwarz v New York State Educ. Dept.* (88 AD2d 1082) requires that the Department recognize the validity of his four years of postgraduate medical residences and fellowships in New York hospitals, or at the least, that he be given adequate opportunity to demonstrate that the postgraduate training complied with New York standards. We recognize the attributes of the "Fifth Pathway" program (see *supra,* at p 1083) and note that petitioner's four years of postgraduate training in accredited hospitals, together with his licensure by both Maryland and New Jersey, would appear to confirm his competence to practice medicine. However, unlike the situation in *Matter of Schwarz* (*supra*), this petitioner concededly has had only 24 months of undergraduate training and has not offered proof of the required one year of supervised clinical training as part of that undergraduate education. We cannot say, on this record, that the Department's interpretation of the statute which it has a duty to administer is irrational or unreasonable, and it must therefore be upheld (*Matter of Bernstein v Toia,* 43 NY2d 437). ¶ Nor do we find merit in petitioner's remaining · arguments. There is no due process right to either appear before the review committee or obtain an evidentiary hearing in license applications or renewals of licenses (*Matter of Richard I. v Ambach,* 90 AD2d 127, 130, affd 61 NY2d 784; *Matter of Hirsch v Hastings,* 70 AD2d 1052; see, also, State Administrative Procedure Act, § 401, subd 1). The review procedure provided complies with the criteria for constitutionality (see *Matthews v Eldrige,* 424 US 319, 335). Petitioner had ample opportunity to submit written proof of his qualifications, and consideration of his application for licensure did not require the presentation and examination of witnesses. Finally, petitioner lacks standing to seek judgment declaring the unconstitutionality of the Department's acceptance of medical school evaluations and reports on accreditation by the L.C.M.E. The Department's licensure requirement for physicians is set forth in ⟍

[*] 8 NYCRR 60.1 (a) was amended July 1, 1983 and further amended in December, 1983.

8 NYCRR 60.1. The L.C.M.E. has nothing to do with acceptance or rejection of petitioner's application, and petitioner is therefore not within the "zone of interest" test formulated in *Matter of Dairylea Coop. v Walkley* (38 NY2d 6, 9). ¶ Order and judgment affirmed, without costs. Kane, J. P., Casey, Weiss, Mikoll and Levine, JJ., concur.