A. Franklin Mahoney, J.
In this CPLR article 78 proceed-
ing, initiated by order to show cause, the petitioner seeks a judgment directing the respondent to issue to her a certificate as a registered nurse.
The petitioner is a resident of this State and a graduate of an accredited nursing school. On June 19 and 20, 1974 she took and passed the nursing board examination for a registered nurse’s certificate in the District of Columbia, United States of America. In consequence thereof, she was qualified to receive her certificate of registration as a registered nurse in the District of Columbia. Thereafter, petitioner made application to the New York State Education Department for licensure by endorsement. The application was denied.
Since 1950 the New York State Board For Nursing and the State Education Department have contracted with the National League For Nursing for the use of examinations to be given to applicants for nursing licenses in the State of New York. The same professional nursing examination, given- in this State, is given throughout the country on various dates set by the individual States. Each examination is designated by a certain series number and the questions on the examination remain constant until a new series is released. In March of 1974 the State Education Department noticed that the scores of the applicants on an examination designated "673” were unusually high. A statistical analysis of the individual scores was undertaken by the State Education Department and said study revealed an abnormal increase in the scores of individuals who had taken a previous New York examination. Further, respondent herein alleges information that the answers to examination "674”, scheduled to be given in New York in July of 1974, were available to examinees. This information was turned over to the Bureau of Criminal Investigation of the Division of the New York State Police (BCI) for investigation. As a consequence of the statistical analysis and *958 BCI investigation, the New York State Board of Nursing informed the Council of State Boards of Nursing that New York State would not administer examination "674”, it being determined that if examination "674” were to be held as scheduled on July 10 and 11, 1974, it would have been given previously a total of 55 times in sister States. New York gave an alternate examination on July 10 and 11, 1974. The respondent also concluded that the "674” examination was inadequately secured and could not be used as a basis for licensure in this State by endorsement. It is the contention of the State Education Department and the State Board For Nursing that they have the requisite discretionary authority to pass upon licensure by endorsement and that their refusal to so license petitioner, based on the lack of integrity of the "674” examination taken out-of-State by petitioner, was an act within their competence and not arbitrary, capricious or affected with an error of law.
In addition to the general proposition that power to grant a license necessarily implies power to withhold it for good cause, a further source of discretionary power implicitly delegated to the State Board For Nursing is to be found in the pertinent provisions of section 6506 of the Education Law. This section provides in part:
"The board of regents shall supervise the admission to and the practice of the professions. In supervising, the board of regents may:
* * *
"(6) Indorse a license issued by a licensing board of another state or country upon the applicant fulfilling the following requirements:
* * *
"(d) Examination: pass an examination satisfactory to the board and in accordance with the commissioner’s regulations”. (Emphasis supplied.) This general proposition enforced by the cited provisions of section 6506 of the Education Law underscores the factors that the respondent State Nursing Board may properly consider in determining whether or not to issue a license. One of those factors is whether the applicant has passed an examination satisfactory (emphasis supplied) to the board. In the case at bar the respondent had adequate and sufficient reason to believe that examination "674” would have been given in sister States, prior to the dates scheduled *959 by New York State, on such a large number of different dates that the questions asked might have become so diffused among those interested that the integrity of the examination could be undermined. Consequently, the respondent acted within its delegated authority when it revised its rules so as to license nurses to practice in New York on the basis of their licensure in another State only when they have passed the same licensing examination as given in New York and only when the applicant took the examination in another State on the same dates it was given in New York.
The provisions of sections 6506 and 6508 of the Education Law impose duties upon the respondent to be performed, as well as powers to be exercised, and, by necessary implication, authorize respondent to protect the community by refusing to license by endorsement individuals who seek such status by reason of having passed an examination deemed by respondent to be lacking in integrity. Such exercise of discretion in refusing to grant a license, if otherwise not arbitrary or capricious, may be interfered with by the courts "only when it is clearly shown that refusal is based solely upon grounds which as a matter of law may not control [his] discretion”. (Matter of Larkin Co. v Schwab, 242 NY 330, 335.) A court may not direct that a license be issued unless it appear, as a matter of law, that no valid ground exists for its denial. (Matter of Elite Dairy Prods, v Ten Eyck, 271 NY 488, 493; Matter of Barton Trucking Corp. v O’Connell, 7 NY2d 299, 308.) The judicial function is exhausted when there is found to be a rational basis for the conclusions reached by the administrative body. It is my view that given the information available to respondent concerning examination "674” and its predecessors, it acted within its delegated authority to insure the integrity of this State’s professional licensing processes in connection with the administration of nursing.
The petition is dismissed.