◼ In the Matter of Susan P. Smith, Appellant, v University of the State of New York et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered April 9, 1975 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel the issuance of a license to petitioner as a registered professional nurse. In fulfilling its duty to supervise the admission to and the practice of the professions, respondents for many years have contracted with the National League for Nursing to supply examinations which are given to applicants for licensure as registered professional nurses. The same examination is utilized in almost every other State, and respondents previously considered the test satisfactory when out-of-State applicants who passed it sought indorsement of their licenses in this State (cf. Education Law, § 6506, subd 6, par [d]). Respondents, however, administered a different examination in New York in July of 1974 and thereafter refused to indorse the license issued to petitioner by the District of Columbia, which was based upon her success in the league examination conducted in the district in June of that year. Petitioner then commenced the instant proceeding to compel the issuance of a license to her as a registered professional nurse and now appeals from the judgment of Special Term dismissing her petition for that relief. It is apparent that respondents' dissatisfaction with the league examination stemmed from their fears that it might not be secure. The league's prior examination series "673" was statistically analyzed and it was discovered that a significantly disproportionate percentage of examinees were passing it as compared with those who had passed earlier series of similar examinations. Other information caused suspicion that answers to the new series "674" examination could be obtained, and respondents realized that it would have been administered 55 times in other States before its scheduled appearance in New York. It was actually administered eight times in seven other States before petitioner passed it in the District of Columbia. Under these circumstances, it is hardly surprising that respondents chose to conduct a different examination in New York and not to recognize the league's "674" test as a satisfactory examination for indorsement purposes. Although petitioner apparently possesses all of the other qualifications necessary for indorsement, and there is no suggestion that she achieved a passing score on the "674" examination by improper means, it must be remembered that licensure by indorsement is addressed to respondents' discretion (Education Law, § 6506; *Matter of Marburg v Cole,* 286 NY 202). Petitioner disputes the quality of the evidence which led respondents to believe that the "674" test might be compromised. Her contention is

unavailing, however, because it does not amount to clear and convincing proof that respondents acted arbitrarily or capriciously. In a mandamus proceeding such as this, we may not substitute our judgment for that of the proper administrative officials and will interfere with their discretion only when the exercise thereof is shown to be lacking in reason *(Matter of Marburg v Cole, supra,* pp 208, 210). While it is indeed unfortunate that petitioner took and passed her examination in apparent good faith before the New York change in position was known, respondents have acted cautiously and responsibly on the side of public protection and their determination should not be disturbed (cf. *Matter of Bailey v Mangan,* 261 App Div 64). Judgment affirmed, without costs. Sweeney, J. P., Kane, Koreman, Larkin and Reynolds, JJ., concur. [81 Misc 2d 956.]