■ In the Matter of RUSSELL KARASIK, Appellant, v BOARD OF REGENTS OF THE STATE OF NEW YORK, DIVISION OF PROFESSIONAL LICENSING SERVICES, NEW YORK STATE EDUCATION DEPARTMENT, Respondent.—Main, J. Appeal from a judgment of the Supreme Court at Special Term (Williams, J.), entered February 24, 1986 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review respondent's determination denying petitioner admission to the New York State professional licensing examination for psychologists.

Petitioner holds a Master's degree in psychology from Temple University and a doctorate from the University of Georgia's College of Education, Department of Counseling and Human Development. His University of Georgia transcript reveals that his doctoral major was entitled "Counseling and Student Personnel Services". He is a licensed psychologist in Pennsylvania and is a member of the American Psychological Association. After receiving his doctorate, petitioner applied to take the New York licensing examination for psychologists, but his application was rejected because he had not completed a doctoral program in psychology (*see,* Education Law § 7603

[2]). Petitioner submitted additional evidence to demonstrate that his doctoral program was designed to prepare him for the professional practice of psychology and thus was a degree in psychology (see, 8 NYCRR 52.10 [b]), and pursued an administrative appeal of the initial determination. Ultimately, however, respondent voted to deny petitioner's application for admission to the examination. This CPLR article 78 proceeding ensued and Special Term confirmed respondent's determination.

In order to be admitted to the psychological licensure examination, an applicant: "[must] have received an education, including a doctoral degree in psychology, granted on the basis of completion of a program of psychology registered with the department or the substantial equivalent thereof, in accordance with the commissioner's regulations" (Education Law § 7603 [2]). A doctoral degree in psychology, in turn, has been defined as a doctoral degree consisting of graduate level coursework representing two years of full-time study or the equivalent and requiring at least 42 semester hours designed as preparation for the professional practice of psychology (8 NYCRR 52.10). Respondent concedes that petitioner has completed coursework in all the basic areas which would be required of a degree program of psychology registered with the Department of Education. Respondent further notes that the title of petitioner's degree is not determinative of whether that degree was in psychology, since respondent is required to look beyond the title to the substance of the program in question. However, respondent contends that the University of Georgia program in which petitioner participated was not a degree program designed to prepare students for the professional practice of psychology and, therefore, petitioner cannot be said to have received a doctoral degree in psychology.

In a case such as this, involving as it does the interpretation of a statute by the agency charged with its enforcement, this court ordinarily will defer to the agency interpretation if it is not irrational, unreasonable or inconsistent with the governing statute, unless the interpretation does not require the agency's technical expertise (Matter of Action Elec. Contrs. Co. v Goldin, 64 NY2d 213, 221). The determination of whether a specific degree program constitutes a degree in psychology requires a certain amount of expertise, expertise which this court does not possess. We see nothing irrational in respondent's distinction between an applicant's completion of the required coursework and an applicant's participation in a doctoral degree program specifically designed to prepare the

applicant for the professional practice of psychology. In essence, respondent seeks to look beyond the question of whether a particular applicant is prepared for the practice of psychology to the question of whether other applicants participating in the same degree program would be sufficiently prepared for the practice of psychology. In this case, the answer to the second question was "no", and we cannot say that this determination is unsupported by the record, notwithstanding the voluminous material produced by petitioner to demonstrate otherwise. Accordingly, respondent could properly determine that petitioner does not possess a doctoral degree in psychology within the meaning of Education Law § 7603 (2) and 8 NYCRR 52.10.

In its answer to the petition in this case, respondent notes that if an applicant does not specifically meet the requirements of Education Law § 7603, respondent is entitled to waive the specific requirements if it is satisfied that they have been substantially met (see, Education Law § 6506 [5]). Respondent declined to exercise this power in this case, finding that petitioner's degree is not the substantial equivalent of a doctoral degree in psychology. While we sympathize with petitioner's plight, inasmuch as respondent has conceded petitioner's completion of sufficient coursework and his only recourse now to obtain his New York license is to obtain another doctoral degree, it must be remembered that respondent's waiver power constitutes an exercise of discretion. We may not substitute our judgment for that of respondent and may only inquire as to whether the record shows facts which leave no possible scope for the exercise of discretion (see, Matter of Smith v University of State of N. Y., 49 AD2d 969; Matter of Tomanio v Board of Regents, 43 AD2d 643, affd 38 NY2d 724). Pursuant to this standard, we are constrained to find that respondent did not abuse its discretion in refusing to consider petitioner's education to be the substantial equivalent of a doctoral degree in psychology.

Judgment affirmed, without costs. Mahoney, P. J., Main, Yesawich, Jr., and Harvey, JJ., concur.

Mikoll, J., dissents and votes to reverse in a memorandum. Mikoll, J. (dissenting). I respectfully dissent. In denying petitioner's application for licensure as a psychologist, respondent maintains that, pursuant to Education Law § 7603 (2), a candidate must have a doctoral degree in psychology to qualify but particular course requirements may be waived if they have been substantially met, and since petitioner's degree was

not in psychology but in counseling, he does not meet the qualifications required.

Education Law § 7603 (2) states that for the psychological licensure examination an applicant: "[must] have received an education, including a doctoral degree in psychology, granted on the basis of completion of a program of psychology registered with the department *or the substantial equivalent thereof,* in accordance with the commissioner's regulations" (emphasis supplied). Prior to 1970, the above provision stated that an applicant must have received a degree "based on a program of studies whose content was primarily psychological" (Education Law former § 7605 [1] [a], as amended by L 1970, ch 779, § 1, repealed by L 1971, ch 987, § 1, and substituted with L 1971, ch 987, § 2). Respondent maintains that the amendment signifies that only doctoral degrees in psychology are acceptable but particular course requirements may be waived if they have been substantially met. However, respondent does admit that the title of a doctoral degree is not conclusive and that respondent looks behind the title to the substance of a particular doctoral program.

Of greatest significance is the reason for the amendment as stated by the Legislature: "The definition of the doctoral degree * * * [was] so broad as to permit the certification of persons as psychologists who lack appropriate training in psychology. This broad language * * * necessitated an extensive screening process * * *. This amendment * * * clarif[ies] this requirement to specifically provide that applicants for certification as psychologists must have received a doctoral degree in psychology * * * or its substantial equivalent" (Legislative mem, 1970 McKinney's Session Laws of NY, ch 779, at 2997-2998). It is clear then that the amendment served as a clarification and its import is that an applicant need not possess a degree in psychology as long as he earns a substantial equivalent thereof.

Respondent admitted that "[p]etitioner has submitted evidence of the completion of all of the different types of courses in psychology which would be required for the registration of a doctoral program in psychology in this State under 8 NYCRR 52.10". However, respondent contends that the program in which petitioner participated was not "designed as preparation for the professional practice of psychology" *(see,* 8 NYCRR 52.10 [b]).

A review of all of the documents submitted in support of petitioner's application, including a description by his actual

professors of the specific courses taken by petitioner, his doctoral dissertation, his internship and professional experience, the expert opinions in the field, and the fact that petitioner's program was based on the American Psychological Association's guidelines, establishes that petitioner's specific program was designed to prepare him for the practice of psychology. Respondent's decision was, therefore, irrational and arbitrary.

Respondent has broad authority in making its determination but its power is not absolute. Respondent has based the determination on the general course descriptions in the bulletin and not on the evidence. Given the lack of any regulations establishing the standards for determining whether petitioner's degree is the substantial equivalent of a degree in psychology *(see,* 8 NYCRR 52.10 [b]), respondent was obligated to review petitioner's specific program.

Special Term's judgment should therefore be reversed, respondent's determination annulled and the petition granted.