■ In the Matter of KENNETH T. Fox, Appellant, v BOARD OF REGENTS OF THE STATE OF NEW YORK et al., Respondents. (Proceeding No. 1.) In the Matter of WILLIAM D. CAMPAGNA, Appellant, v BOARD OF REGENTS OF THE STATE OF NEW YORK et al., Respondents. (Proceeding No. 2.)—Yesawich, Jr., J.

Petitioners, Kenneth T. Fox and William D. Campagna, received Ph Ds in counselor education from St. John's University in New York City. Both are licensed psychologists in

other States and seek admission to New York's licensing examination in psychology. Their applications were denied by respondent Division of Professional Licensing Services for failure to satisfy the statutory education requirement *(see,* Education Law § 7603 [2]). The State Education Department's Committee on the Professions, to which petitioners then appealed, denied their applications on the grounds that petitioners' doctorates were not in psychology *(see, supra),* nor had they substantially met the requirements of a doctoral program in psychology as required for a waiver of the statutory requirement *(see,* Education Law § 6506 [5]). Supreme Court considered petitioners' separate CPLR article 78 proceedings together and concluded that respondents' determinations were rational. On appeal, we affirm.

Petitioner's first argument, that Education Law § 7603 (2) does not require a doctorate in psychology, but rather may be satisfied by the "substantial equivalent" of such a degree, is predicated upon a misconstruction of the statute. Although this court has held that respondents, in applying this statute, must look beyond the name attached to a degree *(Matter of Karasik v Board of Regents,* 130 AD2d 923, 924, *lv denied* 70 NY2d 615), the statute's clear meaning that "a doctoral degree in psychology [however denominated], granted on the basis of completion of a program of psychology registered with the [Education D]epartment or the substantial equivalent thereof" (Education Law § 7603 [2]; *see, Matter of Tannenbaum v Commissioner of Educ. of State of N. Y.,* Sup Ct, Albany County, Apr. 12, 1977, Williams, J., *affd* 61 AD2d 892), is needed, remains undisturbed. As respondents point out, the phrase "substantial equivalent thereof" modifies the requirement of program content, not the requirement of a doctorate in psychology, as petitioners read it; petitioners would have us insert a comma after "department", but that is the Legislature's, not the courts', province.

Petitioners next maintain that their doctorates are in reality degrees in psychology, in that the Commissioner of Education's regulations define such a program as one "designed as preparation for the professional practice of psychology" (8 NYCRR 52.10 [b]), which includes counseling *(see,* 8 NYCRR 72.6 [a]), presumably the centerpiece of their doctoral programs. Making such a determination requires an understanding and evaluation of the course content underlying petitioners' doctoral degrees. Given the record before us, which consists in large part of transcripts and course descriptions, we deem it judicious to defer to respondents' expertise in this

area *(see, Matter of Karasik v Board of Regents, supra).*

Furthermore, there is ample support in the record from which respondents rightfully could have concluded that petitioners' educations were not intended to prepare them for the professional practice of psychology. For example, a St. John's University official affirmatively stated on a form used in petitioners' licensure application process that the school's counselor education doctoral program was not designed to prepare students for the professional practice of psychology; the school catalog in listing the careers for which the counselor education program prepared one did not mention professional psychology; and an independent analysis of the Department of Counselor Education at the school, conducted before petitioners matriculated, cited several weaknesses that would have to be addressed before the program could be approved by the American Psychological Association as a doctoral program in counseling psychology.

Finally, petitioners assert that respondents abused their discretion by declining to find that petitioners "substantially met" the prerequisites for admission to the licensing examination. To reach this conclusion, the record must disclose facts which leave no possible room for the exercise of discretion *(Matter of Karasik v Board of Regents, supra,* at 925). Petitioners argue that since respondents allowed similarly or less qualified applicants to take the licensure examination, respondents acted arbitrarily in excluding petitioners *(see, Matter of Italian Sons & Daughters v Common Council,* 89 AD2d 822, 823). Respondents counter, with record references which lend substance to their argument, that all of the instances cited by petitioners are distinguishable for a variety of reasons, including application of an earlier and less stringent provision (one which did not require a degree in psychology) and participation in a specially tailored program offered jointly with the Psychology Department. The onus is on petitioners to dispel respondents' facially rational distinctions, and they have failed to do so. Moreover, even if respondents erred in the past by allowing underqualified applicants to take the licensing examination, no useful purpose would be served by compelling respondents to repeat those mistakes for the sake of consistency *(see, Matter of Leap v Levitt,* 57 AD2d 1021, 1022, *lv denied* 42 NY2d 807).

Judgment affirmed, without costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.