■ In the Matter of the Claim of LLOYD BLOUNT, Respondent. WHALEN'S MOVING & STORAGE COMPANY, INC., Appellant; THOMAS F. HARTNETT, as Commissioner of Labor, Respondent. —Mikoll, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 4, 1988, which ruled that claimant was entitled to receive unemployment insurance benefits.

On this appeal, Whalen's Moving & Storage Company, Inc. (hereinafter Whalen) contends that the finding of employer-employee status as to claimant's unemployment insurance claim is not based on substantial evidence in the record. We disagree. While some of the findings were the subject of contradictory testimony by claimant and witnesses for Whalen, the resolution of such issues of credibility lies within

the hands of the trier of fact. The issue to be decided is a question of fact for the Unemployment Insurance Appeal Board's determination. If the decision is based on substantial evidence, it should not be disturbed *(Matter of Davis v [RTC Transp.—Roberts],* 111 AD2d 1030).

While no one factor is dispositive of the employee-independent contractor issue, control over the claimant is significant. The record in this case discloses that claimant was hired to haul loads for Whalen in interstate deliveries. He was provided with Whalen's trailers to haul the loads. The trailers bore Whalen's name. Claimant was paid with a percentage of the agreed fee, in certain instances, even if the customer did not pay for the goods. The written contract between claimant and Whalen provided that claimant was to adhere to all governmental rules and regulations involved in interstate deliveries, as well as to Whalen's own rules as to such deliveries. Claimant was to call Whalen on a daily basis to apprise it as to the progress of his assignment. Whalen provided claimant with a delivery deadline which it had negotiated with the customer and claimant was to advise Whalen as to problems in meeting a delivery date; claimant was prohibited from delivering loads from other than Whalen's customers or carrying loads from other agents or competing carriers. Daily logs were to be kept by claimant to be submitted to Whalen. Claimant was to act as agent of Whalen in collecting money for C.O.D. deliveries.

The evidence, as found to be established by the Board, sufficiently supports a finding that Whalen supervised, directed and controlled claimant and that an employer-employee relationship existed between them.

Decision affirmed, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.