■ In the Matter of LINCOLN STORAGE OF BUFFALO, INC., Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Mikoll, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 1, 1989, which, *inter alia,* adhered to its prior decision assessing Lincoln Storage of Buffalo, Inc. for additional unemployment insurance contributions.

Lincoln Storage of Buffalo, Inc. (hereinafter Lincoln) challenges a decision of the Unemployment Insurance Appeal Board which assessed it for additional unemployment insurance contributions on the ground that the hearing record before the Board was incomplete and the decision based thereon is flawed, and on the further ground that the failure of a majority of the Board to affirm the decision, is in violation of General Construction Law § 41 and 12 NYCRR 464.1 (a), making it null and void.

Lincoln is engaged in the moving and storage business. It is a franchise agent for Atlas Van Lines, Inc. (hereinafter Atlas). Lincoln takes applications from truck drivers seeking to do interstate moving work and enters into agreements with drivers whose applications are approved by Atlas. Some of the drivers own their own tractors, while others lease them, often from Lincoln.* They use Lincoln or Atlas trailers. Lincoln's trailers display both the Atlas logo and colors and Lincoln's name. The tractors used must be plain white or blue and white to match the trailers. Lincoln generally pays each

---

* The status of drivers who are lessees is not at issue on this appeal.

driver who owns his own tractor the same percentage of the gross moving bill with an additional 1% for longevity. Lincoln's drivers who are lessees are paid the same by Lincoln except that Lincoln receives a lease fee of 20% of the gross billing and reimburses these drivers for vehicle maintenance costs.

Lincoln takes orders from customers and registers the jobs with the Atlas dispatcher who assigns one of the drivers to the job. Drivers telephone the Atlas dispatcher directly for assignments. Lincoln prepares the shipping documents and gives them to the drivers. The Atlas dispatcher handles all the business that Lincoln supplies to Atlas. Drivers call Atlas every day while delivering goods. They may also call Lincoln while on the road to request cash advances. Lincoln may help the drivers by finding local laborers to assist in loading and unloading or may provide the drivers with a list of laborers to contact on their own. After a customer pays Atlas, Atlas deducts its share and sends the balance to Lincoln, which in turn pays the driver. While hauling for Atlas, the drivers cannot haul for other carriers. They are required to wear uniforms supplied by Lincoln and share the cost of the uniforms with Lincoln. Lincoln is to notify Atlas if drivers appear without uniforms. A driver may use substitutes which must be approved by Atlas and Atlas must be notified of any substitutions. Customers contact Atlas with complaints as bills of lading carry the Atlas phone number. Atlas passes the complaints on to Lincoln to take action. Either Lincoln or Atlas may terminate drivers. Lincoln's agreements with drivers provide for cancellation if the driver has three motor vehicle accidents in one year. Lincoln has terminated drivers for other reasons as well. Atlas has also terminated drivers.

After Lincoln appealed a decision of an Administrative Law Judge (hereinafter ALJ) which determined that the drivers were employees, the matter was remanded by the Board for a further hearing in that not all the testimony taken at the hearings before the ALJ was contained in the transcript of the proceedings supplied to the Board. The Board directed the ALJ, attorneys, representatives and witnesses to review the transcript of the previous hearings and attempt to complete the record by retaking the testimony of the witnesses that was missing therefrom. Lincoln's attorney, however, demanded a hearing de novo and refused to participate when this was denied. The Board then affirmed the ALJ's previous decision, basing its affirmance on the existing record and concluding

that the drivers at issue were employees of Lincoln. This appeal by Lincoln ensued.

We find no merit in Lincoln's contention that the Board's decision was not based on the record or that the decision of less than a majority of the Board was null and void. The Board is empowered to remit for such purposes as it may direct (see, Labor Law § 621 [3]). The refusal of Lincoln to participate in the reconstruction of testimony of two of the witnesses entitled the Board to make a decision on the record before it (see, Matter of Bramson Entertainment Bur. [Roberts], 136 AD2d 807). In Matter of Rosano (Steinway & Sons—Ross) (54 AD2d 800, lv denied 41 NY2d 802) this court, citing to Labor Law § 534, found no violation of any constitutional requirement in the Board's practice of assigning cases to panels. The determination here by a two-member panel was in conformity with that decision.

We also find that the determination that Lincoln's drivers were employees is supported by substantial evidence. Contrary to Lincoln's claim, the control exercised by it over the drivers is clearly distinguishable from that exercised in Matter of La-fayette Stor. & Moving Corp. (Hartnett) (156 AD2d 871 [decided herewith]). In this case, drivers signed the agreement for hire with the local agent, Lincoln, after drivers' applications were approved by Atlas. The agreement referred to them in numerous clauses as employees. They had to paint their tractors according to Atlas' requirements and the trailers provided to them bore the Atlas name. They could not work for others, were required by Atlas to keep daily logs and to wear Atlas uniforms. There was also additional evidence supplied of control of the drivers by Lincoln. Lincoln could generally terminate their services. The trailers included Lincoln logos and identification. Lincoln received payment from Atlas, deducted its share and then paid the drivers. The employment agreement ran between the drivers and Lincoln. At times when drivers were unavailable, Lincoln would provide its hourly paid drivers as substitutes. Drivers could not accept loads from others after accepting a load from Lincoln or Atlas. These factors constitute substantial evidence to support the Board's finding of an employer-employee relationship. The decision should therefore be affirmed.

Decision affirmed, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.