OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division in
 
 Matter of Lincoln Stor. (Hartnett)
 
 (156 AD2d 832) should be affirmed, with costs, and the order of the Appellate Division in
 
 Matter of Lafayette Stor. & Moving Corp. (Hartnett)
 
 (156 AD2d 871) should be reversed, with costs, and the matter remitted to the Appellate Division, Third Department, with directions to remand to the Unemployment Insurance Appeal Board for further proceedings in accordance with this memorandum.
 

 The common issue presented in these two cases is whether the drivers for Lincoln Storage of Buffalo, Inc. and Lafayette Storage & Moving Corp., both franchise agents for Atlas Van
 
 *826
 
 Lines, Inc., are "independent contractors” or "employees” for purposes of unemployment insurance.
 

 In
 
 Matter of Lincoln Stor. (Hartnett)
 
 (156 AD2d 832,
 
 supra),
 
 the Appellate Division concluded that there was substantial evidence in the record to support the Unemployment Insurance Appeal Board’s determination that Lincoln drivers were employees. In
 
 Matter of Lafayette Stor. & Moving Corp. (Hartnett)
 
 (156 AD2d 871,
 
 supra),
 
 however, in concluding that the drivers were independent contractors and not employees, the Board failed to comply with our decision in
 
 Matter of Field Delivery Serv. (Roberts)
 
 (66 NY2d 516). Although there are distinctions between this case,
 
 Matter of Lincoln Stor.,
 
 and
 
 Matter of Lafayette Stor. & Mov. of Niagara
 
 (Appeal Board Dec 335, 353, Sept. 20, 1982
 
 [Lafayette (Niagara)]),
 
 there exist "sufficient factual similarities]”
 
 (Matter of Field Delivery Serv. [Roberts], supra,
 
 at 521) between the cases to require explanation by the Board as to why it determined that the drivers in
 
 Lincoln Stor.
 
 and
 
 Lafayette (Niagara)
 
 were employees but concluded that the drivers in
 
 Lafayette
 
 were independent contractors. As we noted in
 
 Field Delivery (supra,
 
 at 516-517), "[a] decision of an administrative agency which neither adheres to its own prior precedent nor indicates its reason for reaching a different result on essentially the same facts is arbitrary and capricious.” That the Appellate Division attempted to differentiate the drivers in
 
 Lafayette (Niagara),
 
 from those in the two cases here is unavailing for it is the Board, not the court, which must comply with
 
 Field Delivery
 
 if the facts in the cases are sufficiently similar. "[A]fter-thefact rationalization [by the court] of the Board’s determination does not satisfy the requirements of
 
 Field Delivery” (Matter of Martin [Troy Publ. Co.
 
 — Roberts], 70 NY2d 679, 681).
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 In
 
 Matter of Lafayette Stor. & Moving Corp. (Hartnett):
 
 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, with costs, and the matter remitted to the Appellate Division, Third Department, with directions to remand to the Unemployment Insurance Appeal Board for further proceedings in accordance with the memorandum herein.
 

 In the
 
 Matter of Lincoln Stor. of Buffalo (Hartnett):
 
 On review of submissions pursuant to section 500.4 of the Rules of
 
 *827
 
 the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in memorandum.