(October 21, 1993)

■ In the Matter of LAFAYETTE STORAGE & MOVING CORPORATION, Respondent. JOHN F. HUDACS, as Commissioner of Labor, Appellant. [602 NYS2d 740] —Mikoll J. P. Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 30, 1992, which ruled that Lafayette Storage & Moving Corporation had been improperly assessed for additional unemployment insurance contributions.

This matter was previously before us (156 AD2d 871). Thereafter, the Court of Appeals reversed (77 NY2d 823) and remitted the matter, citing *Matter of Field Delivery Serv. (Roberts)* (66 NY2d 516). Upon remittal the Unemployment Insurance Appeal Board held that tractor owner-operators engaged by Lafayette Storage & Moving Corporation for long distance hauling were independent contractors and reversed the Commissioner of Labor's determination to the contrary. The Board also overruled the assessment of $9,036.96 in additional unemployment insurance contributions found to be due by the Commissioner. In concluding that the relationship between Lafayette and its owner-operators differed in significant ways from the relationship in *Matter of Lincoln Stor. (Hartnett)* (156 AD2d 832, *affd* 77 NY2d 823), the Board found that the instant driver-owners were not required to wear uniforms. In *Lincoln,* drivers were required to wear Lincoln Storage of Buffalo, Inc. (hereinafter Lincoln) uniforms. Moreover, Lincoln participated in their upkeep and as a franchise agent for Atlas Van Lines, Inc. would inform them of any driver who failed to wear the uniform. Unlike the drivers in *Lincoln,* the owner-operators herein were not required to paint their tractors any prescribed color nor place a logo thereon. They were also free to work for other moving companies, unlike Lincoln's drivers.

Our review of the Board's determination is limited to ascertaining whether its decision is supported by substantial evidence *(see, Matter of Rivera [State Line Delivery Serv.—Roberts],* 69 NY2d 679, 682, *cert denied* 481 US 1049). The determination of whether a person's status is that of an employee or independent contractor is a factual question to be resolved by the Board. If supported by substantial evidence, it must be upheld even if there is evidence which could support a contrary conclusion *(see, Matter of Horton [Hartnett],* 176 AD2d 1103, 1104). We find the Board's determination in this case to be supported by substantial evidence and, accordingly, affirm its decision.

Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the decision is affirmed, with costs.