[611 NYS2d 938]

In the Matter of NEW YORK STATE INSPECTION, SECURITY AND LAW ENFORCEMENT EMPLOYEES, DISTRICT COUNCIL 82, AFSCME, AFL-CIO, Petitioner, v PAULINE R. KINSELLA et al., Constituting the New York State Public Employment Relations Board, Respondents.

Third Department, May 12, 1994

### APPEARANCES OF COUNSEL

*Rowley, Forrest, O'Donnell & Hite, P. C.,* Albany *(Kevin S. Casey* of counsel), for petitioner.

*Ernest F. Hart,* Albany, for respondents.

### OPINION OF THE COURT

WEISS, J.

The 1988 to 1991 collective bargaining agreement between petitioner and the State included a performance advancement increment which provided that after employees had worked 100 days in the fiscal year and achieved a satisfactory job rating, a percentage increase in salary would be paid commencing after the succeeding April 1st date. The contract also included a longevity increment schedule which added percentages to the base wages of employees on the 10th, 15th and 20th anniversary of employment, which like the performance advancement increment commenced at a future payroll date.

Negotiations commenced in January 1991 for a successor to the 1988 to 1991 agreement due to expire March 31, 1991, during the course of which petitioner inquired of the State whether the two above-described increments would be extended in the event a successor agreement was not in place on April 1, 1991. The State's repeated response was that the matter was under review, that no determination as to continuation after the expiration date had been made, and that the internal agency documents demanded, "even if they did exist", involved the State strategy regarding the negotiations and would not be produced. On or about March 27, 1991, petitioner filed an improper practice charge with the Public Employment Relations Board (hereinafter PERB) alleging that the failure to respond was bad-faith negotiating in violation of an employer's duty to provide information to an employee organization violative of Civil Service Law § 209-a (1) (d). Following hearings before an Administrative Law Judge, by decision dated March 5, 1992 the Director of Public Employment Practices and Representation dismissed the charge for failure to establish that the State had indeed reached a conclusion with respect to the inquiry and for failure to establish the falsity of the State's responses thereto. Following petitioner's exceptions to the decision, PERB affirmed finding that there was insufficient evidence that a decision had been made at the dates of petitioner's inquiries.

Petitioner commenced this CPLR article 78 proceeding to annul the determination on the grounds that it was arbitrary and capricious, affected by an error of law and not supported by substantial evidence on the record. An order was then entered transferring the proceeding to this Court.

Petitioner argues that PERB's determination is arbitrary and capricious because PERB failed to either conform to its own precedents or established policies, or to explain a departure therefrom. In *Matter of Field Delivery Serv. (Roberts)* (66 NY2d 516, 516-517), the Court of Appeals held that "[a] decision of an administrative agency which neither adheres to its own prior precedent nor indicates its reason for reaching a different result *on essentially the same facts* is arbitrary and capricious" (emphasis supplied). The Court adhered to this principle in *Matter of Lafayette Stor. & Moving Corp. (Hartnett)* and *Matter of Lincoln Stor. (Hartnett)* (77 NY2d 823) and *Matter of Martin (Troy Publ. Co.—Roberts)* (70 NY2d 679). Petitioner contends that in the past, inaction by an employer to a request for information from an employee organization

was, by itself, an improper practice, citing *Matter of City of New York (Patrolmen's Benevolent Assn.)* (9 PERB ¶ 4502, *mod* 9 PERB ¶ 3031). The Director held that "Council 82 * * * has failed to establish the falsity of the State's response. Accordingly, its charge is dismissed in its entirety." PERB affirmed, holding that "we agree with the Director that the pertinent inquiry * * * is whether * * * the State had made a decision at the date of * * * inquiries as to whether it would continue * * * increments after the expiration of the 1988-91 contract". Petitioner argues that its burden, i.e., of having to prove that a decision had been made and having to prove that the responses received were false, constituted a significant divergence from PERB precedent, particularly in the absence of prior notice of this divergence from PERB and an opportunity for it to prepare its position.

■ The rule of law limiting the departure from administrative precedent relied upon by petitioner *(Matter of Field Delivery Serv. [Roberts], supra)* requires the facts of the instant case to be essentially the same as those in the precedent. Here, the administrative determinations relied upon by petitioner do not contain essentially similar facts.* Moreover, the record shows that the State properly responded to petitioner's inquiry. By lodging an information request petitioner sought to expand the State's obligation to provide documents and objective data. In essence, petitioner sought to compel the State to develop information not yet in existence and then to disclose that information. PERB correctly held that petitioner had not been wrongfully denied information to which it was otherwise entitled.

■ Petitioner additionally contends that PERB's determination that insufficient evidence existed to establish the charge that the State had violated Civil Service Law § 209-a (1) (a) and (d) is not itself supported by substantial evidence. A review of the record, however, reveals, at best, only a weak development of petitioner's allegations made by individuals who lacked direct knowledge of the pertinent facts. Bare surmise, conjecture, speculation and rumor are insufficient to establish a basis for an administrative determination *(300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45*

---

* The primary administrative determinations relied upon by petitioner in order of its reliance are *Matter of Board of Educ. (Albany Pub. School Teachers Assn.)* (6 PERB ¶ 3012); *Matter of City of New York (Patrolmen's Benevolent Assn.)* (9 PERB ¶ 4502, *supra); Matter of Village of Johnson City (Johnson City Firefighters Assn.)* (11 PERB ¶ 4565, *affd* 12 PERB ¶ 3020).

NY2d 176, 180). Substantial evidence consists of proof within the whole record of such quality and quantity as to generate conviction in, and persuade a fair and detached fact finder that, from that proof as a premise, a conclusion or ultimate fact may be extracted reasonably—probatively and logically (*supra,* at 181). Not only does petitioner's proof fail to rise to this standard in the first instance, but PERB, as the finder of fact, is entitled to weigh the quality and quantity of the proof (*see, Matter of Rivera v Beekman,* 86 AD2d 1, 5).

We find PERB's conclusion to be fully and rationally supported by the record; its determination is therefore confirmed.

MIKOLL, J. P., MERCURE, CREW III and YESAWICH JR., JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.