■ In the Matter of the Claim of LLOYD BLOUNT, Respondent. WHALEN'S MOVING & STORAGE COMPANY, Appellant; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [629 NYS2d 551] —Crew III, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 26, 1994, which denied the employer's application for reconsideration of a decision ruling that claimant was entitled to receive unemployment insurance benefits.

The relevant facts are set forth in our prior decision in this matter (154 AD2d 849, *lv denied* 76 NY2d 702), wherein we concluded that there was substantial evidence to support the Unemployment Insurance Appeal Board's decision that an employee-employer relationship existed between claimant, an interstate truck driver, and the employer, a moving and storage company. Thereafter, this Court rendered decisions in *Matter of Lafayette Stor. & Moving Corp. (Hartnett)* (156 AD2d 871, *revd* 77 NY2d 823) and *Matter of Lincoln Stor. (Hartnett)* (156 AD2d 832, *affd* 77 NY2d 823), wherein the nature of the relationship between the claimant drivers and the employer moving companies also was in issue. Following a remittal in *Lafayette*, the Board rendered a decision distinguishing that case from its prior decision in *Lincoln* and concluding that the claimant driver in *Lafayette* was not an employee. This Court subsequently affirmed that determination (*Matter of Lafayette Stor. & Moving Corp. [Hudacs]*, 197 AD2d 742, *lv denied* 83 NY2d 758). In the interim, the employer here applied for reconsideration of this matter in light of the Board's subsequent decision in *Lafayette*, contending that there were substantial factual similarities between the two cases. The employer's application was denied and this appeal ensued.

We affirm. Initially, we note that the bulk of the employer's brief is devoted to debating the existence of an employee-employer relationship between claimant and the employer—an issue long since resolved by both the Board and this Court (154 AD2d 849, *supra*). Additionally, while it is true that the Board, when confronted with substantially similar cases, is required to either adhere to established precedent or explain its departure therefrom (*see, Matter of Field Delivery Serv. [Roberts]*, 66 NY2d 516), this rule does not, in our view, impose upon the Board a requirement that it explicitly distinguish in its written decisions each and every arguably similar case it previously has decided. Finally, to the extent that the employer contends that the Board's decision in *Lafayette* warrants reconsideration of this matter, we cannot say that the Board abused its discretion in denying the employer's application to reopen. The Board could properly conclude that this matter is readily distinguishable from the situation present in *Lafayette*, such that the Board's respective determinations are not, as the employer contends, inconsistent. The employer's remaining contentions have been examined and found to be lacking in merit.

Mercure, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.