■ In the Matter of the Claim of KEELIN M. CARLOS, Respondent. NEWSDAY, INC., Appellant; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [652 NYS2d 113] —Appeal from a de-

cision of the Unemployment Insurance Appeal Board, filed September 8,1995, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant was fired from her position as an advertising sales manager for a national newspaper after approximately 15 years of employment. The conduct which resulted in her termination was an incident wherein she directed an angry comment, which included a profane word, at a subordinate during a client meeting disclosing her dissatisfaction with this subordinate's work performance. In a follow-up voice mail message from claimant to her supervisor, she again used angry and profane language to relate her dissatisfaction. The Board found that claimant's conduct did not rise to the level of misconduct and, therefore, she was entitled to receive unemployment insurance benefits.

The employer contends that claimant, by using profane and abusive language, engaged in disqualifying conduct as a matter of law and that the Board's decision to the contrary irrationally and improperly defies prior, similar cases on this issue (see, Matter of Lafayette Stor. & Moving Corp. [Hartnett], 77 NY2d 823, 826; Matter of Field Delivery Serv. [Roberts], 66 NY2d 516, 518). While it is true that the Board, if confronted with similar cases, must adhere to established precedent or explain its departure therefrom (see, Matter of Lafayette Stor. & Moving Corp. [Hartnett], supra, at 826; Matter of Field Delivery Serv. [Roberts], supra, at 518-519), the Board is not required to explicitly distinguish every arguably similar case it has previously decided (see, Matter of Blount [Whalen's Moving & Stor. Co.—Sweeney], 217 AD2d 879, 880).

Upon our comparison of the cases on which the employer relies (see, Matter of Kushner [Hudacs], 193 AD2d 1043; Matter of Naclerio [Hudacs], 191 AD2d 854; Matter of Cohen [Catherwood], 25 AD2d 906), we find that none stands for the rigid proposition that the employer advances. While claimant's conduct under the circumstances of this case may have justified her dismissal, we find that the Board's decision that it did not rise to the level of misconduct sufficient to disqualify her from receiving unemployment insurance benefits was based upon the particular factual circumstances presented here and is supported by substantial evidence (see generally, Matter of Bukowski [Arc Summit Park—Sweeney], 231 AD2d 785; Matter of Warnock [St. Bernard's School—Hudacs], 183 AD2d 1036; Matter of Marquez [Roberts], 107 AD2d 959, 960).

Cardona, P. J., Mercure, Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.