■ In the Matter of the Claim of ROBERT E. TEAL, JR., Respondent, v ALBANY CAPITALAND ENTERPRISES, INC., Appellant.

860

Uninsured Employers' Fund et al., Respondents; Workers' Compensation Board, Respondent. [687 NYS2d 451] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed September 29, 1997, which ruled that claimant was an employee of Albany Capitaland Enterprises, Inc.

Albany Capitaland Enterprises, Inc. (hereinafter Capitaland) is a closely held corporation in the business of leasing taxicabs to operators for a daily fee and providing them with radio dispatch services. The taxicabs are actually owned by Capitaland's wholly owned subsidiary corporations. As of April 1990, Capitaland leased employees from American Payroll Network, an employee leasing service. Under the employee leasing agreement, American Payroll agreed to provide Capitaland with specific "job function positions" (i.e., its president, treasurer, dispatchers, mechanics and clerical staff) and furnish, *inter alia*, payroll services, workers' compensation insurance and employee benefits. The leasing agreement did not include taxicab operators.

Pursuant to a "Taxicab Lease Agreement" with Capitaland, claimant was employed as a taxicab operator. In the course of this employment, he sustained injuries after being assaulted by a passenger and her husband. It is undisputed that at this time Capitaland carried no workers' compensation insurance for taxicab operators. Claimant thereafter filed a claim for workers' compensation benefits which was controverted by Capitaland on alternative grounds. First, Capitaland argued that claimant was not an employee but rather an independent contractor. Alternatively, it argued that, even assuming that claimant was an employee, he was an employee of American Payroll, not Capitaland. As relevant here, the Workers' Compensation Law Judge found claimant to be an employee of Capitaland and Capitaland to be an uninsured employer. These findings were affirmed by the Workers' Compensation Board, prompting this appeal.

We reject the primary argument raised by Capitaland on appeal, namely, that the subject determination represents a departure from the Board's prior precedent (citing *Matter of Van Tassel v Haleyon Hills Farm*, WCB No. 59320031 [Jan. 31, 1997]) without an explanation for same. While it is true that the Board, if confronted with cases involving essentially the same facts, must adhere to established precedent or explain its departure therefrom (*see, Matter of Lafayette Stor. & Moving Corp. [Hartnett]*, 77 NY2d 823, 826; *Matter of Field Delivery Serv. [Roberts]*, 66 NY2d 516, 518-519), it is not required to "explicitly distinguish in its written decisions each and every

arguably similar case it previously has decided" (*Matter of Blount [Whalen's Moving & Stor. Co.—Sweeney]*, 217 AD2d 879, 880).

The facts underlying the Board's determination in *Matter of Van Tassel v Haleyon Hills Farm* (*supra*) are not essentially the same as in the instant matter; accordingly, the Board was not required to either make a finding that American Payroll was claimant's employer, as it did in *Van Tassel*, or provide an explanation for its failure to do so (*cf., Matter of Paolucci v Capital Newspapers*, 197 AD2d 811). In *Van Tassel*, the Board determined that American Payroll should be deemed the sole employer of an injured farm worker. In that case however, unlike the case at bar, the injured claimant completed an American Payroll employment application, received payroll checks issued and signed by American Payroll and, like all other farm workers, was considered by both the lessor and lessee to be an American Payroll employee. In this case, neither Capitaland nor American Payroll intended that the latter would have a contractual obligation to provide any services to claimant or serve as the employer of claimant or those similarly situated. Notably, claimant was never reported as an employee of *any* corporation with which American Payroll entered into an employee leasing agreement.

That neither party intended for taxicab operators to be employees of American Payroll was confirmed by testimony at the hearing. Capitaland's president readily admitted that such drivers were not included under the employee leasing agreements and that American Payroll personnel informed him that their company's compensation carrier would not pick up such operators as employees. American Payroll's human resources manager testified that claimant was not a leased employee nor did her company ever hire him or place him on its payroll. American Payroll's president similarly testified that her company had no relationship with claimant as he was never an employee or on its payroll. According to the president, American Payroll was unable to hire or lease taxicab operators and Capitaland's president was "absolutely aware" of this fact.

For similar reasons, we also reject Capitaland's related argument that it fulfilled its statutory obligation to provide workers' compensation coverage by contracting with American Payroll. There being substantial evidence in the record to support the Board's conclusions that claimant was an employee of Capitaland (*see, Matter of Scott v Manzi Taxi & Transp. Co.*, 179 AD2d 949, *lv denied* 80 NY2d 752; *see also*, Workers' Compensation Law § 2 [3]) and that Capitaland was an uninsured

employer, its decision will not be disturbed. We have reviewed Capitaland's remaining contentions and reject them as meritless.

Mikoll, J. P., Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.