■ In the Matter of the Claim of LYNN ISAACS, Appellant, v FLEET FINANCIAL SERVICES et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [780 NYS2d 186]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed May 16, 2003, which ruled that claimant's application for review of an administrative decision was untimely.

By administrative decision dated December 30, 1999 and finalized on January 31, 2000, claimant's workers' compensation claim for a compensable back injury was established and her average weekly wage set at $258. Claimant's case was reopened in 2000 for the purpose of authorizing further medical treatment, then closed in 2001. In March 2003, some 37 months after the administrative decision establishing her case had become official, claimant wrote to the Workers' Compensation Board requesting an explanation of how her average weekly wage had been calculated. The employer's workers' compensation carrier issued a written objection, arguing that claimant's request to revisit this issue was untimely and, in any event, could be addressed only in a formal application for Board review. The Board promptly replied to claimant's request, explaining how the wage had been derived. Thereafter, by application dated March 28, 2003, claimant requested a formal review of the 1999 administrative decision. The Board denied claimant's application for review as untimely, prompting this appeal.

Claimant contends that the Board's denial of her application for review of the administrative decision setting her average weekly wage was arbitrary and capricious and in derogation of prior Board precedent. We disagree. Objections to administrative decisions must be submitted to the Board within 30 days of its issuance (*see* 12 NYCRR 313.3 [c]). Moreover, the Board possesses the discretionary authority to decline to consider applications for review that are not filed within 30 days after notice of the filing of the initial decision (*see* Workers' Compensation

Law § 23; 12 NYCRR 300.13 [a], [e] [1] [i]). Inasmuch as more than three years have elapsed between the establishment of claimant's average weekly wage and her request for review, and as there is no evidence in the record before us that the average weekly wage was erroneously computed, we perceive no basis for finding that the Board abused that discretion (*see Matter of Priola v Andrews Staffing*, 305 AD2d 900, 901 [2003]; *Matter of Warren v Gallant Knight Sec.*, 301 AD2d 854, 855 [2003]). The Board decision upon which claimant relies for its unpersuasive argument that the Board has arbitrarily departed from prior precedent is factually dissimilar (*compare Matter of Apria Healthcare*, 2003 WL 134540 [WCB No. 3990 2129, Jan. 9, 2003]); in any event, the Board is not obligated to unequivocally distinguish every previous decision presenting debatably similar factual circumstances (*see Matter of Malone v Bernhardt Paving*, 1 AD3d 781, 782 [2003], *affd* 2 NY3d 756 [2004]; *Matter of Teal v Albany Capitaland Enters.*, 259 AD2d 859, 860-861 [1999], *lv dismissed* 93 NY2d 1041 [1999]).

Mercure, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.