*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 17, 2016          520838
_____

In the Matter of the Claim of
   CHARLOTTE VANACORE,
              Respondent,

     v

GENOVESE DRUG STORE et al.,
              Respondents,
     and                          MEMORANDUM AND ORDER

SPECIAL DISABILITY FUND,
              Appellant.

WORKERS' COMPENSATION BOARD,
              Respondent.
_____


Calendar Date:  February 18, 2016

Before:  Peters, P.J., Garry, Rose and Devine, JJ.

_____


     Steven M. Licht, Special Funds Conservation Committee,
Albany (Jill B. Singer of counsel), for appellant.

     Jones Jones LLC, New York City (Sarah Thomas of counsel),
for Genovese Drug Store and another, respondents.

_____


Peters, P.J.

     Appeal from a decision of the Workers' Compensation Board,
filed September 19, 2014, which ruled that the Special Disability
Fund's application for review of an administrative decision was
untimely.

     Claimant was injured in a motor vehicle accident while

working on February 28, 1997.  Her subsequent claim for workers' compensation benefits was established for injuries to her neck and back and for consequential temporomandibular joint pain.  In September 2003, claimant injured her back in a work-related accident while working for a different employer.  Her claim for workers' compensation benefits for this accident was established for an exacerbation of a preexisting back injury.  In 2005, claimant was classified with a permanent partial disability with liability apportioned 55% to the 1997 claim and 45% to the 2003 claim.  The Special Disability Fund thereafter conceded the applicability of Workers' Compensation Law § 15 (8) (d) on the 2003 claim and an S-15 (8) form was filed with the Workers' Compensation Board, indicating the Fund's concession.  An almost identical S-15 (8) form was also filed with the Board on the same day, again indicating the Fund's concession as to the applicability on the 2003 claim, with the only difference being that it referenced the workers' compensation claim number of the 1997 claim.  In two decisions by the Board, filed on May 12, 2006, the Board found Workers' Compensation Law § 15 (8) to be applicable on both claims.  In January 2013, the Fund applied for review of the Board's decision as to the 1997 claim, contending that it was erroneous as the Fund had never conceded the applicability of Workers' Compensation Law § 15 (8) on that claim.  The Board ultimately rejected the Fund's application as untimely, prompting this appeal.

We affirm.  A party seeking review of an administrative decision must file an application for review with 30 days of its issuance (see Matter of Isaacs v Fleet Fin. Servs., 8 AD3d 879, 879 [2004]; 12 NYCRR 313.3 [c]).  Here, it is undisputed that the Fund's application was untimely, as it was filed more than six years after the administrative decision was filed.  Further, the Fund provided no explanation for the delay.  The Board has broad discretion to accept or reject an application for review as untimely (see Matter of Isaacs v Fleet Fin. Servs., 8 AD3d at 879), and we cannot say that its denial of the Fund's application here was an abuse of that discretion.  Nor do we find, under these circumstances, that the Board abused its discretion in denying the Fund's request to entertain the application in the interest of justice pursuant to Workers' Compensation Law § 123 (see Matter of D'Addio v Peter Annis, Inc., 105 AD3d 1113, 1114-

1115 [2013]).

Garry, Rose and Devine, JJ., concur.


ORDERED that the decision is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court