■    In the Matter of the Claim of CHAUFFEURS UNLIMITED, INC., et al., Appellants. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent. — HAMM, J. Appeal from a decision of the Unemployment Insurance Appeal Board which sustained the initial determination of the Industrial Commissioner assessing additional contributions against the appellant employers for wages found to have been paid by them. It was agreed that any findings with respect to Chauffeurs Unlimited, Inc., would be applicable to Lee Chauffeurs, Inc., the additional appellant. The appellants state that the "question presented" is whether free-lance chauffeurs from time to time engaged by appellants to chauffeur third parties, who supplied their own vehicles, are employees of appellants or are independent contractors. The appellants maintained a roster of drivers available for assignment. Nearly all of these drivers were employed elsewhere, about half in a fire department. Occasionally but rarely there were chauffeurs who had no other occupation and who, "more or less, put in full time" for the appellants. The appellants advertised "uniformed chauffeurs for your car" and stated in their advertisements that their chauffeurs were among other qualifications "Insured and bonded for their collections" and

" Covered by workmen's compensation ". When the appellants received calls from persons who desired drivers, they contacted the men on the roster whose availability had been indicated. All drivers were free to reject an assignment but, once having accepted, the driver was required to inform the appellants if he later decided not to fulfill the assignment. The automobile owners, referred to by the appellants as clients, paid the appellants who then paid the drivers a lesser amount arrived at pursuant to arrangement between the drivers and the appellants. There were occasions when the appellants would telephone and rent a car in the customer's name and on those occasions the chauffeur would sign as the agent of the customer. On such occasions the chauffeur would be paid by the appellants and a separate charge would be submitted to the client for car rental. Regardless of the length of time involved a minimum charge for two and a half hours was made for the chauffeur's time. The chauffeurs were " aware that no taxes were being withheld from their salaries ", that " no social security was being paid " and that " they weren't being carried for unemployment benefits or other benefits ". They were given instructions as to common courtesy, cleanliness and obedience to traffic laws and, on occasion, depending on the circumstances of the client, such instructions as rendering assistance to a client in entering and leaving the automobile. In our opinion there was substantial evidence that the appellants were at least general employers (*Matter of Meyer* v. *Tops Temporary Personnel*, 286 App. Div. 1048, 286 App. Div. 1123; *Matter of Ettlinger* v. *State Ins. Fund*, 12 A D 2d 568). We think also that there was substantial evidence that the chauffeurs were not independent contractors, being paid on a wage basis, provided with compensation coverage and subject to the retained elements of direction and control mentioned (Cf. *Matter of Feuerbach* v. *Fuller Brush Co.*, 16 N Y 2d 582). Moreover they were advertised and held out to the public as employees of the appellants and, in fact, the clients made their business arrangements with the appellants and not with the drivers. Decision affirmed, without costs. Herlihy, J. P., Reynolds, Taylor and Aulisi, JJ., concur.