■ In the Matter of JOHN. J. PEASLEY, Appellant, v ROBERT F. FLACKE, as Commissioner of the Department of Environmental Conservation, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Kahn, J.), entered June 16, 1982 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondents to pay costs incidental to an appropriation of real property. Petitioner and the State of New York have been at odds over the title to a parcel of land, approximately 87.82 acres, in the Town of Lake Pleasant in the Adirondack Park for over 40 years. In 1942, the State commenced an action in ejectment against petitioner's predecessors, claiming title to a portion of the parcel, but the action resulted in a dismissal of the complaint as to the entire subject parcel. The State continued to claim title and, in 1974, petitioner commenced an action pursuant to article 15 of the RPAPL against all parties who may have derived their interest through one William Spier. Although the Attorney-General was served with a copy of the complaint and filed a notice of appearance, the State did not participate in the action. Judgment was granted declaring petitioner to be the owner of the subject parcel. The State neither appealed that judgment nor sought to have it vacated, but instead acted pursuant to ECL 3-0305 to appropriate the property. In 1976, petitioner brought an action in the Court of Claims to obtain just compensation. The State asserted its own title as a defense to petitioner's action, consistent with its prior position of claiming title, but somewhat inconsistent with its appropriation action. The Court of Claims held that the State was estopped from asserting title by the 1942 judgment and awarded petitioner $163,800 plus interest to the date of the entry of the judgment. Following this 1980 judgment of the Court of Claims, the State appealed and petitioner cross-appealed. Negotiations ensued, the scope of which are at issue here, resulting in the withdrawal of appeals and the execution of a stipulated settlement. In October, 1981, petitioner filed a voucher pursuant to former ECL 3-0305 (subd 14, par [b])[1] for reimbursement of legal and related expenses incurred as a result of the appropriation. No reply was had from respondent commissioner, and several follow-up letters from petitioner's attorney elicited no response. Petitioner then commenced this proceeding in the nature of mandamus to compel respondents to process his voucher and to pay the amount alleged to be due. Respondents moved to dismiss the petition on the grounds that Special Term had no jurisdiction over the subject matter in that it seeks money damages against the State, that the payments are discretionary and cannot be compelled by a mandamus proceeding, and that petitioner is not entitled to such statutory costs. Special Term dismissed the petition, considering only jurisdictional grounds. This appeal by petitioner ensued.[2] The propriety of petitioner's

1. That provision was subsequently repealed by the Laws of 1978 (ch 727, § 2), but a saving provision was included so that prior acts of appropriation were not affected.

2. Petitioner subsequently commenced an action in the Court of Claims asking for the same relief. That court granted respondents' motion to dismiss for failure to state a

mandamus proceeding is determined by the existence of substantive rights under law, since to bring a mandamus proceeding petitioner must first have a clear legal right which he is entitled to enforce (see *Matter of Sullivan v Siebert,* 70 AD2d 975; *Matter of Silverman v Lefkowitz,* 41 AD2d 442). At issue here is the applicability of former ECL 3-0305 (subd 14, par [b]) to petitioner, and the effect on petitioner's rights of the prior Court of Claims' award and judgment, and the stipulated settlement on appeal of the appropriation claim. The statute, in pertinent part, provided as follows: "In the event that * * * the commissioner [of Environmental Conservation] denies that there was any taking of property, makes no offer to settle the value of the claim for such property and there shall be a final judgment by a court of competent jurisdiction that the commissioner did in fact take such property * * * authorization is hereby given for the reimbursement to the person or other entity entitled thereto, as determined by the commissioner, of an amount, separately computed and stated, for reasonable costs, disbursements and expenses, including reasonable attorney, appraisal and engineering fees, actually incurred by such person or other entity because of the acquisition procedure. Application for either of such reimbursements shall be made to the commissioner [of Environmental Conservation] upon forms prescribed by him and shall be accompanied by such information and evidence as the commissioner may require. Upon approval of such application, the commissioner shall deliver a copy thereof to the comptroller together with a certificate stating the amount due thereunder, and the amount so fixed shall be paid out of the state treasury after audit by the comptroller from moneys appropriated for the acquisition of property under this section" (former ECL 3-0305, subd 14, par [b], repealed by L 1978, ch 727, § 2). Petitioner argues that he has met the criteria set forth in the above-referenced statute. We agree. In the present case, the State undisputedly claimed title to the property, then appropriated the property, still claiming title, and *did not offer compensation for the taking,* either before or after the appropriation. Consequently, with the determination of the Court of Claims of ownership in claimant, the requirements of former ECL 3-0305 (subd 14, par [b]) were fulfilled. This being the case, petitioner has demonstrated a clear legal right and, accordingly, under the instant circumstances, mandamus properly lies (*Matter of Fehlhaber Corp. v O'Hara,* 53 AD2d 746; *Board of Educ. v Levitt,* 42 AD2d 372, 374). Having reached the conclusion that petitioner has satisfied the requirements of former ECL 3-0305 (subd 14, par [b]), we must address the issue of whether petitioner has waived these benefits. In this regard, respondents contend that pursuant to the stipulation petitioner entered into with the State following the 1980 judgment of the Court of Claims, petitioner waived any entitlement to attorney's fees under the ECL. This stipulation contains an agreement to withdraw and discontinue appeals in the action "without costs or disbursements to either party". Under the circumstances of this case, the above language is not unequivocal. Accordingly, if questions of fact with respect to the alleged waiver exist after respondents have answered, Special Term should direct a trial pursuant to CPLR 7804 (subd [h]) to ascertain the intention of the parties (22 NY Jur 2d, Contracts, § 189, pp 23-25; 21 NY Jur, Estoppel, Ratification and Waiver, § 95, p 134; cf. *Board of Educ. v Levitt, supra*). Finally, we reject respondents' argument that the prior Court of Claims action awarding petitioner compensation for the appropriation of his land is *res judicata* and bars the instant proceeding. A reading of former ECL 3-0305 reveals that rather than barring petitioner's request for attorney's fees, the 1980 judgment of the Court of

cause of action and on *res judicata* grounds. Petitioner appealed from the Court of Claims' order. That appeal is decided in a decision handed down herewith (*Peasley v State of New York,* 98 AD2d 927).

Claims was a prerequisite to recovery of such fees. The judgment should, therefore, be reversed and the matter remitted to Special Term for further proceedings not inconsistent herewith. Judgment reversed, on the law, without costs, and matter remitted to Special Term for further proceedings not inconsistent herewith. Sweeney, J. P., Kane, Main, Mikoll and Yesawich, Jr., concur.

