■ In the Matter of B.S.M. LIMOUSINES CORPORATION, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Mikoll, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 23, 1987, which assessed B.S.M. Limousines Corporation for additional unemployment insurance contributions.

B.S.M. Limousines Corporation is in the business of renting limousines with or without drivers to clients. The business is operated by the corporation's president and his wife, the sole

owners of the corporation. The corporation hires drivers solicited by advertising and by word-of-mouth contacts. The drivers are supplied with business cards and uniforms. The corporation sets rates and does all the billing, collecting and advertising. The drivers are paid regardless of whether payment is received from clients. The drivers are assigned jobs from the list of established drivers and told where and when to go and return. Upon completion of the assignment, the driver submits a trip ticket to the corporation and is paid by the corporation. The drivers are free to refuse work, may compete for business with the corporation and are empowered to renegotiate a rate with the client if there is a change from the original agreement made between the corporation and the client. No deductions are made by the corporation from the amounts due drivers. The corporation maintains the vehicles and insures them.

The business operated at a profit. Money was paid to the president. This was found to be salary payments. The contention by the corporation that the moneys represented repayment of loans made by the president to the corporation was found not to be substantiated.

The determination decision by the Unemployment Insurance Appeal Board assessing the corporation additional contributions and finding the limousine drivers to be employees of the corporation must be sustained since it is supported by substantial evidence in the record. This case is not unlike a whole host of delivery cases in which an employer-employee relationship has been found to exist (see, *Matter of Rivera [State Line Delivery Serv.—Roberts],* 69 NY2d 679, *cert denied* 481 US 1049; *Matter of Casey [Larkfield Lottery—Hartnett],* 140 AD2d 915).

Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.