◼ In the Matter of the Claim of RICHARD P. ALFISI, Respondent. BND MESSENGER SERVICE, INC., Appellant; THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Kane, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 8, 1987, which, *inter alia,* ruled the employer liable for unemployment insurance contributions paid to claimant.

BND Messenger Service, Inc. engages in the delivery of small packages and envelopes. Claimant, as well as other drivers, was hired to perform these deliveries for the corporation. Claimant obtained the job through a newspaper advertisement of the corporation and worked from March 1985 until July 1985. The corporation set his rate of pay and paid claimant regardless of whether the customers ultimately paid for the services rendered. The corporation alone solicited and billed the customers directly. Claimant carried a card identifying him as a representative of the corporation. While he was committed to no particular number of deliveries and could reject proffered assignments, once accepted a delivery was to be made within a designated time. He could accept assignments from other companies similarly situated and he operated his own vehicle. The responsibility of maintenance of the vehicle was on claimant.

Claimant was determined to be an employee of the corporation and ruled eligible for unemployment insurance benefits.

Thereafter, the Commissioner of Labor informed the corporation that it was liable for unemployment remuneration contributions for claimant, as well as other similarly situated individuals. Upon the corporation's objection, a hearing was held after which the Administrative Law Judge (hereinafter ALJ) ruled in the corporation's favor and found that claimant and others in his position were independent contractors. The Unemployment Insurance Appeal Board initially affirmed the ALJ's decision. However, upon the Commissioner's application, the Board reopened the case, rescinded its previous decision and determined that claimant was an employee. The corporation has appealed.

Initially, we note that the Board's decision is supported by substantial evidence in the record. As the above-recited facts show, this case is almost identical to previous delivery cases where determinations that an employer-employee relationship existed have been upheld (see, Matter of Rivera [State Line Delivery Serv.—Roberts], 69 NY2d 679, cert denied 481 US 1049; Matter of B.S.M. Limousines Corp. [Hartnett], 143 AD2d 459, lv denied 73 NY2d 703).

Nor do we agree with the corporation's assertion that a previous decision by the Board in 1983 which found a driver working for the corporation to be an independent contractor precluded a contrary finding in this case (see, Matter of Health Related Nutrition Servs. [Hartnett], 142 AD2d 850; see also, 2 NY Jur 2d, Administrative Law, § 147, at 233). It is true that a decision of an administrative agency that does not adhere to its own previous decisions and fails to state the reasons for reaching a different result in a situation with essentially the same facts is arbitrary and capricious (see, Matter of Field Delivery Serv. [Roberts], 66 NY2d 516). However, here the Board set forth its reasons for reaching a different result and they provide a rational basis for distinguishing this case from the Board's previous decision in 1983 (see, Matter of Health Related Nutrition Servs. [Hartnett], supra). The Board relied upon the Court of Appeals decision in Matter of Rivera (State Line Delivery Serv.—Roberts) (supra). The Board noted that the corporation had relied on this court's decision in that case (Matter of Rivera [State Line Delivery Serv.—Roberts], 120 AD2d 852) in making its arguments and it was that decision that had prompted the Board's initial affirmance of the ALJ's determination that claimant was an independent contractor. The Court of Appeals, however, reversed this court's decision in Rivera. As a result, the Board decided to change its own previous determination pointing out that the conditions of

*Rivera* were nearly identical to those in this case. We find no error in this conclusion. Accordingly, the Board's decision should be affirmed.

Decision affirmed, without costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.