■ In the Matter of the Claim of ABRAM FREIDENBERG, Respondent. LIMOUSINE RESOURCES MANAGEMENT CORPORATION, Appellant; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [652 NYS2d 831] —Peters, J. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed July 6, 1995, which, *inter alia*, assessed Limousine Resources Management Corporation for additional unemployment insurance contributions.

Claimant worked as a limousine driver for Limousine Resources Management Corporation (hereinafter LRM) for approximately $3^{1}/_{2}$ years until June 1992. Contrary to LRM's contention, the determination by the Unemployment Insurance Appeal Board that claimant, and others similarly situated, were LRM's employees is supported by substantial evidence (*see, Matter of O'Connor [Howell—Hartnett]*, 165 AD2d 946). The record reveals, *inter alia*, that LRM inspected claimant's vehicle and questioned him regarding his driving record prior to hiring him. Drivers were given LRM's business cards with both their name and LRM's name on them. LRM imposed a dress code, required drivers to use certain model automobiles which were not more than three years old with telephones in them and to carry beepers rented to the drivers. Drivers displayed signs on their windshields with LRM's name on them. LRM provided all relevant information regarding pickups and dropoffs. Customers paid LRM directly and LRM handled the complaints concerning drivers' performances. LRM paid the drivers the amount paid by the customers less 30% and reimbursed them for tolls and parking. Given these facts, the Board's decision that the drivers were employees of LRM should not be disturbed (*see, Matter of Hector Taxi Corp. [Hudacs]*, 210 AD2d 713; *Matter of Middletown [Manzi Taxi & Transp. Co.—Hartnett]*, 166 AD2d 758, *lv denied* 77 NY2d 803; *Matter of Chauffers Unlimited [Catherwood]*, 24 AD2d 1044). There was ample evidence to support the conclusion that LRM exercised enough control over the results produced or the

means to achieve those results to establish the drivers' status as employees (*see, Matter of Rivera [State Line Delivery Serv.—Roberts]*, 69 NY2d 679, 682, *cert denied* 481 US 1049). The case of *Matter of Pavan (UTOG 2-Way Radio Assn.—Hartnett)* (173 AD2d 1036, *lv denied* 78 NY2d 857) is distinguishable. The company in that case was a nonprofit corporation comprised of limousine owners of which the claimant was a member. Here, however, LRM's drivers do not own or control LRM. LRM's remaining arguments have been considered and rejected as unpersuasive.

Mercure, J. P., White, Casey and Carpinello, JJ., concur. Ordered that the decisions are affirmed, without costs.