■ In the Matter of the Claim of JERZY JARZABEK, Respondent. NYC TWO WAY, INC., Appellant; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [653 NYS2d 165] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 22, 1996, which, upon reconsideration, adhered to its original decision assessing NYC Two Way, Inc. for additional unemployment insurance compensation based upon remuneration paid to claimant.

Claimant worked as a driver for NYC Two Way, Inc. (hereinafter Two Way), a business that provided luxury car transportation to private customers in the New York City area. The record contains substantial evidence to support the conclusion of the Unemployment Insurance Appeal Board that Two Way exercised sufficient direction and control over claimant's work to establish his status as its employee (*see, Matter of Rivera [State Line Delivery Serv.—Roberts]*, 69 NY2d 679, 682, *cert denied* 481 US 1049). Two Way controlled virtually every detail of claimant's job performance by requiring him to adhere to the guidelines set forth in a rule book which claimant was required to carry in the car while on duty. Failure to abide by these rules was punishable by fines or suspension. Claimant kept in touch with Two Way by means of a radio through which he received his job assignments and the location of the customers he was to pick up. Claimant was required to be available for driving assignments during certain hours and was further required to display Two Way's sign when he picked up passengers. Two Way made all of claimant's job assignments and conducted the billing and collection of charges from its customers. Claimant was paid and reimbursed for tolls and parking expenses by Two Way's corporate check, regardless of whether its customers had remitted payment. These indicia of direction and control over claimant's work lead to the conclusion that the Board's finding of an employer-employee relationship in this matter was supported by substantial evidence and it will not, accordingly, be disturbed (*see, Matter of Hector Taxi Corp. [Hudacs]*, 210 AD2d 713, 714; *Matter of Middletown [Manzi Taxi & Transp. Co.—Hartnett]*, 166 AD2d 758, 759, *lv denied*

77 NY2d 803; *Matter of B.S.M. Limousines Corp. [Hartnett]*, 143 AD2d 459, 460, *lv denied* 73 NY2d 703).

Mikoll, J. P., Mercure, Casey, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.