■ In the Matter of the Claim of DOROTHY I. EISNER, Respondent. HERTZ CORPORATION, Appellant; COMMISSIONER OF LABOR, Respondent. [675 NYS2d 700] —Mercure, J. P. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed February 14, 1997, which ruled that Hertz Corporation was liable for additional unemployment insurance contributions on remuneration paid to claimant.

Claimant was engaged by the Special Travel Agency Representative Service Network (hereinafter STARS), a marketing department operated by Hertz Corporation, to distribute travel brochures to travel agencies under the terms of a 1988 written agreement. In 1994, claimant filed a claim for unemployment insurance benefits. Ultimately, the Unemployment Insurance Appeal Board upheld the Commissioner of Labor's initial determination that Hertz exercised sufficient control over claimant's services to constitute an employer-employee relationship. Hertz appeals, primarily contending that the Board's determination is not supported by substantial evidence.

We affirm. Evidence adduced at the hearing before an Administrative Law Judge supported findings that the employer provided training sessions and materials for STARS representatives, maintained ultimate authority over the representatives' agency list and the frequency of their visits,

provided call report forms and required representatives to complete the forms and turn them in within 10 days of an agency visit, furnished travel brochures for distribution by the representatives, required the representatives to comply with its dress code, and prohibited representatives from working for its competitors. In addition, the record shows that the employer's regional sales manager was required to and regularly did accompany STARS representatives on sales calls for the purpose of evaluating their performance. In our view, the foregoing evidence provides ample factual support for the Board's conclusion that claimant and similarly situated STARS representatives were employees rather than independent contractors based upon the employer's exercise of control over the means used to achieve the results produced (*see, Matter of Rivera [State Line Delivery Serv.—Roberts]*, 69 NY2d 679, 682, *cert denied* 481 US 1049; *Matter of Braunstein [Dinaire Corp.]*, 250 AD2d 899, 899-900).

Neither the recitation of the parties' agreement that claimant was an independent contractor nor the employer's issuance of a 1099 tax form mandate a contrary result. Rather, the existence of this and other evidence (even the greater weight of the evidence) supporting an opposing determination merely created a credibility issue for the Board's determination in the exercise of its exclusive fact-finding authority (*see, Matter of Concourse Ophthalmology Assocs. [Roberts]*, 60 NY2d 734, 736; *Matter of Braunstein [Dinaire Corp.], supra*, at 900; *Matter of Francis [West Sanitation Servs.—Sweeney]*, 246 AD2d 751, 752). As a final matter, we conclude that the Administrative Law Judge's refusal to receive evidence that claimant filed tax returns as an independent contractor constituted, at worst, harmless error (*cf., Khan v Galvin*, 206 AD2d 776; *Dizak v State of New York*, 124 AD2d 329).

Spain and Carpinello, JJ., concur.

Graffeo, J. (dissenting). We respectfully dissent.

Although an agency's determination is accorded deference if supported by substantial evidence, even where the record would have supported a contrary conclusion (*see, Matter of Concourse Ophthalmology Assocs. [Roberts]*, 60 NY2d 734), such quantum of evidence did not exist in this case to uphold the decision of the Unemployment Insurance Appeal Board. The contract between claimant and Hertz Corporation designated claimant as an independent contractor and required that she provide all necessary equipment, transportation and supplies. Claimant was not reimbursed for any costs or expenses and her compensation was based on the number of visits made

to agencies. No deductions were made from claimant's income, which was reported on a 1099 independent contractor tax form.

The majority emphasizes that claimant was trained by Special Travel Agency Representative Service Network (hereinafter STARS), assigned an agency list and required to complete call report forms. The record establishes, however, that formal instruction was not provided by Hertz; rather, claimant's training consisted of receipt of a training manual and uncompensated time accompanying a friend on agency calls not at the behest of Hertz. Despite being assigned a territory, claimant exercised control over her schedule, determined the number of agencies she visited and when she conducted the visits, and was not reprimanded when she failed to visit assigned agencies. The call reports were merely necessary for administrative purposes, i.e., determining how many agencies she visited and, hence, her compensation. Although claimant was not permitted to distribute direct competitors' materials, she was allowed to distribute other companies' brochures while she delivered STARS' materials and she was free to work for other companies as a sales representative. Neither her participation in voluntary weekly telephone conference calls nor the requirement to wear business attire was inconsistent with her status as an independent contractor (*see, Matter of Pavan [UTOG 2-Way Radio Assn.—Hartnett]*, 173 AD2d 1036, 1038, *lv denied* 78 NY2d 857; *cf., Scott v Massachusetts Mut. Life Ins. Co.*, 86 NY2d 429, 434). Even during the few instances that the STARS regional manager accompanied claimant on her agency visits, no evaluation reports were completed and no recommendations were issued to claimant.

We find the Board's decision was not, as a matter of law, supported by substantial evidence and should therefore be reversed since Hertz merely exerted "incidental control" over the results produced (*see, Matter of Ted Is Back Corp. [Roberts]*, 64 NY2d 725, 726; *Matter of Cromer [Transworld Sys.—Sweeney]*, 248 AD2d 773) which enabled it to administer its STARS program (*see, Matter of Pavan [UTOG 2-Way Radio Assn.—Hartnett]*, supra, at 1038; *cf., Matter of Ted Is Back Corp. [Roberts]*, supra, at 726; *Matter of Rukh [Battery City Limousine Serv.—Hudacs]*, 208 AD2d 1105, 1106).

Peters, J., concurs. Ordered that the decisions are affirmed, without costs.