■ In the Matter of the Claim of JAMES O. KIDDER, JR., Respondent. CLASSIC AIRPORT SHARE-RIDE, LTD., Appellant; COMMISSIONER OF LABOR, Respondent. [680 NYS2d 325] —Mikoll, J. P. Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 23, 1997, which, upon reconsideration, adhered to its prior decision ruling that claimant was entitled to receive unemployment insurance benefits.

Claimant operated a limousine he had leased from Classic Airport Share-Ride, Ltd. (hereinafter the employer) and filed an application for unemployment insurance benefits after he was terminated. The Administrative Law Judge (hereinafter ALJ) concluded that, notwithstanding two similar cases involving the same employer which reached an opposite conclusion, based upon evidence elicited at the hearing, claimant was an employee rather than an independent contractor. The Unemployment Insurance Appeal Board affirmed the ALJ's decision and, upon reconsideration, adhered to its prior decision holding that claimant was entitled to unemployment insurance benefits. The employer appeals.

Regarding the merits of the employer's contention that claimant was an independent contractor rather than an employee, our review is limited to whether the Board's decision was supported by substantial evidence (*see, Matter of Francis [West Sanitation Servs.—Sweeney]*, 246 AD2d 751, *lv dismissed* 92 NY2d 886; *Matter of Kurznya v Communicar Inc.*, 182 AD2d 924, *lv denied* 80 NY2d 754). We find that there was ample evidence to support the conclusion that the employer exercised enough control over the results produced or the means to achieve those results as to establish claimant's status as an employee (*see, Matter of Freidenberg [Limousine Resources Mtg. Corp.—Sweeney]*, 235 AD2d 866; *Matter of Jarzabek [NYC*

*Two Way—Sweeney]*, 235 AD2d 878; *Matter of Alfisi [BND Messenger Serv.—Hartnett]*, 149 AD2d 883).*

When he was hired, claimant was screened and trained by the employer regarding its policies which required him to wear a certain uniform. When customer complaints were made, claimant answered to the employer. Claimant was given business cards listing his and the employer's name; the employer's name was also on the credit card receipts. Claimant was given his assignments by the employer and he could not refuse an assignment; if he was sick, he had to find an approved replacement. Claimant was not permitted to accept clients that were not assigned by the employer unless he first received the employer's approval. The employer set the fees for the assignments and claimant received a paycheck after giving the fees he collected to the employer. While claimant was responsible for the maintenance, gas and oil on his limousine, the employer required that claimant bring his limousine to the employer's garage for a weekly oil change. Finally, the employer paid for claimant's insurance on the car.

The employer's next contention, that the ALJ was biased and should have recused himself, must also be rejected. The mere allegation of bias is not enough and the employer has failed to factually demonstrate that the outcome flowed from any alleged bias (*see, Matter of Goldsmith v DeBuono*, 245 AD2d 627). We note that at the commencement of the hearing, the employer declined the ALJ's offer to recuse himself.

Finally, the employer argues that he was denied due process because the Board made its decision based on an incomplete record, claiming that the Board lost or misplaced three exhibits that the employer produced at the hearing. This argument is without merit as the three exhibits appear in the record on appeal and there is no indication that they were not included in the record considered by the Board.

Crew III, Yesawich Jr., Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* Moreover, the employer has not raised an issue in its brief regarding the Board's opposite conclusion in two unemployment insurance cases regarding the employer, and we deem that issue to have been abandoned (*see, Soto v Montanez*, 173 AD2d 90, 93).