■ In the Matter of the Claim of CAROLYNN R. WHITFORD, Respondent. STEPHEN P. SILBERLING, Doing Business as SILBERLING & SILBERLING, Appellant; COMMISSIONER OF LABOR, Respondent. [684 NYS2d 324] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 20, 1997, which ruled that Stephen P. Silberling was liable for unemployment insurance contributions paid to claimant and those similarly situated.

Stephen P. Silberling, a practicing attorney, hired claimant to work as a legal secretary at his small law firm after she responded to his newspaper advertisement. Claimant was paid an hourly wage and worked Mondays through Fridays from 10:00 A.M. until 5:30 P.M. Although claimant was not paid for days she was absent or sick, she was paid for holidays. The Unemployment Insurance Appeal Board ruled that Silberling exercised sufficient direction and control over claimant's work to establish her status as an employee rather than an independent contractor.

We affirm. The existence of an employer-employee relationship is a factual issue for the Board to decide and it will not be disturbed if supported by substantial evidence in the record (see, Matter of Seneca Nation of Indians [Sweeney], 247 AD2d 732). The record indicates that claimant answered the telephone, opened the mail and prepared bills and documents for Silberling at his instruction, subject to his approval, using his office equipment and supplies. In addition, claimant was not in business for herself and had no business cards, stationery or any other indicia of self-employment (see, Matter of Eichenbaum [Jacobs—Sweeney], 242 AD2d 764, 765, lv denied 91 NY2d 809). Under the circumstances, we conclude that substantial evidence supports the finding of an employment relationship (see, id.).

Finally, with respect to Silberling's contention that the Administrative Law Judge was biased against him, this argument must also be rejected. The mere allegation of bias is not enough; beyond that Silberling failed to establish that the outcome flowed from any alleged bias (see, Matter of Kidder [Classic Airport Share-Ride—Commissioner of Labor], 255 AD2d 852).

Mikoll, J. P., Crew III, Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.