■ In the Matter of the Claim of CLEMENT G. WESTNEY, Respondent. CLASSIC AIRPORT SHARE-RIDE, LTD., Appellant; COMMISSIONER OF LABOR, Respondent. [692 NYS2d 501] —Crew III, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 30, 1998, which ruled that the employer

was liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.

Pursuant to an agreement with Classic Airport Share-Ride, Ltd., claimant drove a van that was used to provide airport transportation services. Following his separation from employment, claimant applied for and was determined eligible to receive unemployment insurance benefits. A series of administrative hearings ensued, at the conclusion of which the Administrative Law Judge overruled the initial determination, finding that Classic did not exercise sufficient supervision, direction or control over claimant's activities to establish an employer/employee relationship. Upon administrative appeal, the Unemployment Insurance Appeal Board reversed, concluding that claimant indeed performed services for Classic as an employee, as opposed to an independent contractor. This appeal by Classic ensued.

We affirm. Classic's primary argument on appeal is that the Board erred in failing to follow its own precedent as established in two prior cases. As a general rule, the Board's failure to adhere to its own precedent without explaining the reasons for its departure therefrom requires reversal on the law as arbitrary, even though the record contains substantial evidence to support the Board's determination (*see, Matter of Field Delivery Serv. [Roberts]*, 66 NY2d 516, 520). Such a rule does not, however, require the Board to explicitly distinguish in its written decisions each and every arguably similar case that it previously has decided (*see, Matter of Carlos [Newsday, Inc.— Sweeney]*, 234 AD2d 849, 850; *Matter of Blount [Whalen's Moving & Stor. Co.—Sweeney]*, 217 AD2d 879, 880). Here, despite some similarities between the matter before us and the prior cases relied upon by Classic, the decision ultimately reached by the Board is not inconsistent, as this case is sufficiently distinguishable from the cases relied upon by Classic to sustain the Board's decision.

Nor are we persuaded that the Board's decision is not supported by substantial evidence in the record as a whole. Claimant testified that Classic set the rates to be charged, maintained control over scheduling drivers and required drivers to wear uniforms. Additionally, claimant testified that he could not refuse work without suffering the loss of future assignments. Such testimony, coupled with other evidence in the record, supports the Board's conclusion that Classic exercised sufficient direction and control over claimant and others similarly situated to establish an employment relationship (*compare, Matter of Kidder [Classic Airport Share-Ride—Commissioner*

*of Labor]*, 255 AD2d 852, *and Matter of Ganapathy [Zurich Depository Corp.]*, 243 AD2d 981, *with Matter of Rukh [Battery City Car & Limousine Serv.—Hudacs]*, 208 AD2d 1105). To the extent that the record contains evidence to support a contrary conclusion, the existence of "other evidence (even the greater weight of the evidence) supporting an opposing determination merely create[s] a credibility issue for the Board's determination in the exercise of its exclusive fact-finding authority" (*Matter of Eisner [Hertz Corp.—Commissioner of Labor]*, 252 AD2d 847, 848, *appeal dismissed* 92 NY2d 946). Classic's remaining contentions have been examined and found to be lacking in merit.

Cardona, P. J., Mikoll, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.