■ In the Matter of the Claims of JOAQUIN DE PAIVA et al., Respondents. OLYMPIC LIMOUSINE, INC., Appellant; COMMISSIONER OF LABOR, Respondent. (And Another Related Claim.) [703 NYS2d 589] —Appeals from five decisions of the Unemployment Insurance Appeal Board, filed September 23, 1998 and September 28, 1998, which, *inter alia,* ruled that claimants were entitled to receive unemployment insurance benefits.

Claimants herein all rented vehicles and worked as drivers for Olympic Limousine, Inc., a black car limousine business that provided luxury car transportation to private customers who called to be picked up and driven to prescribed destinations. The record contains substantial evidence to support the decisions of the Unemployment Insurance Appeal Board that Olympic exercised sufficient direction and control over claimants' work to establish their status as its employees and that Olympic was properly assessed for additional unemployment insurance contributions (*see, Matter of Rivera [State Line Delivery Serv.—Roberts],* 69 NY2d 679, 682, *cert denied* 481 US 1049).

Significantly, among the factors considered by the Board was the fact that claimants were dispatched by Olympic to pick up customers and that Olympic established the rates charged. Any customer complaints were handled by Olympic. Olympic billed customers for services. In addition, claimants were required to maintain logs of services performed and to have them available for Olympic and regulating agencies. Moreover, claimants were required to wear uniforms when transporting customers. These and other indicia of direction and control over claimants' work lead to the conclusion that the Board's finding of an employer-employee relationship in these matters

should not be disturbed (*see, Matter of Kidder [Classic Airport Share-Ride—Commissioner of Labor]*, 255 AD2d 852; *Matter of Jarzabek [NYC Two Way—Sweeney]*, 235 AD2d 878). While the record also contains proof that would support a contrary conclusion, the existence of "other evidence * * * supporting an opposing determination merely created a credibility issue for the Board's determination in the exercise of its exclusive fact-finding authority" (*Matter of Eisner [Hertz Corp.—Commissioner of Labor]*, 252 AD2d 847, 848, *appeal dismissed* 92 NY2d 946).

The remaining arguments advanced by Olympic have been examined and found to be unpersuasive under the circumstances.

Cardona, P. J., Mercure, Peters, Spain and Graffeo, JJ., concur. Ordered that the decisions are affirmed, without costs.