■ In the Matter of DARKO SKORIN-KAPOV, Respondent, v STATE UNIVERSITY OF NEW YORK AT STONY BROOK et al., Appellants. [722 NYS2d 576] —In a proceeding pursuant to CPLR article 78 to review a determination of the appellants dated August 30, 1996, denying the petitioner's application for tenure, the appeals are from (1) an order of the Supreme Court, Suffolk County (Henry, J.), dated October 6, 1997, which, upon the petitioner's motion, in effect, to direct the appellants to produce peer review letters, directed a conference, (2) an order of the same court dated April 30, 1998, which determined that the peer review letters were not privileged material and directed that they be provided to the petitioner, (3) an order of the same court dated June 30, 1999, which, *inter alia*, granted the petition, and (4) a judgment of the same court entered January 13, 2000, which, *inter alia*, annulled the determina-

tion, directed the appellants to promote the petitioner to the position of associate professor with tenure, and awarded him back pay to the date of his termination.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provisions thereof directing the appellants to promote the petitioner to the position of associate professor with tenure and awarding him back pay to the date of his termination; as so modified, the judgment is affirmed, the order dated June 30, 1999, is modified accordingly, and the matter is remitted to the appellants for further proceedings on the petitioner's application for tenure; and it is further,

Ordered that the petitioner is awarded one bill of costs.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in this proceeding (see, Matter of Aho, 39 NY2d 241). Furthermore, the appeals from the orders must be dismissed as no appeal lies as of right from an order in a proceeding pursuant to CPLR article 78 (see, CPLR 5701 [b] [1]), and leave to appeal has not been granted (see, CPLR 5701 [c]), and no appeal lies from an order which directs a conference (see, Lavi v Old Cedar Dev. Corp., 281 AD2d 397). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

We agree that the appellants' determination denying the petitioner's application for tenure was arbitrary and capricious (see, Matter of Aievoli v State Univ., 264 AD2d 476; Matter of Bennett v Wells Coll., 219 AD2d 352) as it was without a sound basis in reason and without regard to the facts before it (see, New York Inst. of Technology v State Div. of Human Rights, 40 NY2d 316, 325-326; Matter of Pell v Board of Educ., 34 NY2d 222, 231). However, the court erred insofar as it directed the appellants to promote the petitioner to a tenured position, as the appropriate remedy is to remit the matter to the appellants for further review of the petitioner's application (see, New York Inst. of Technology v State Div. of Human Rights, supra; Matter of Aievoli v State Univ., supra).

The parties' remaining contentions are without merit. Santucci, J. P., S. Miller, Florio and Schmidt, JJ., concur.