■ In the Matter of ECONOMY OFFICE MAINTENANCE, INC., Appellant. COMMISSIONER OF LABOR, Respondent. [739 NYS2d 750] —Rose, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 7, 2000, which assessed Economy Office Maintenance, Inc. for additional unemployment insurance contributions.

On this appeal, Economy Office Maintenance Inc. (hereinafter EOM), which advertises its business as providing cleaning services to its commercial customers, challenges the Unemployment Insurance Appeal Board's ruling that all of EOM's workers are employees. "[O]ur review is limited to ascertaining whether the Board's decision is supported by substantial evidence, and if so its decision must be affirmed even though there might be evidence to support a contrary conclusion" (*Matter of Francis [West Sanitation Servs.—Sweeney],* 246 AD2d 751, 752, *lvs dismissed* 92 NY2d 886, 93 NY2d 833). A Department of Labor auditor testified that he asked EOM's president for a representative sampling of EOM's written agreements with its workers and was provided with nine executed contracts, entitled subcontractor agreements, which described the workers as independent contractors and stated that they were to provide services for EOM as described therein. We conclude that, despite the use of the term independent contractor, the control reserved to EOM in its subcontractor agreements was sufficient to support the finding of an employer-employee relationship.

Although the nine contracts provided to the auditor were executed over a period of nine years, EOM's president testified that a written agreement was used only those nine times. EOM's president and secretary both testified that the contracts

did not reflect the actual nature of the relationship. However, in light of the Board's authority to assess the credibility of witnesses and draw reasonable inferences from the believable evidence (*see, Matter of DiMaria v Ross*, 52 NY2d 771), we see no basis to disturb the Board's decision.

With regard to EOM's claim of bias by the Administrative Law Judge, EOM has failed to demonstrate that the Board's decision flowed from the alleged bias and not from the substantial evidence of an employer-employee relationship (*see, Matter of Whitford [Silberling—Commissioner of Labor]*, 257 AD2d 946, *lv dismissed* 93 NY2d 921). Nor do we see any abuse of discretion or violation of EOM's rights in the Board's prior decision to remit the case for a new hearing when the tape recordings of the original hearing were found to be blank (*see, Matter of Huntt [Sweeney]*, 239 AD2d 644).

Mercure, J.P., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.