■ In the Matter of ROBERT ORTIZ, Respondent, v BOARD OF REGENTS OF THE STATE OF NEW YORK, Appellant. [788 NYS2d 198]—

Peters, J.P. Appeal from a judgment of the Supreme Court (Connor, J.), entered October 14, 2003 in Albany County, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request to waive an examination requirement.

Petitioner graduated from an accredited medical school in 1993. Prior thereto, he took and passed step I of the three-step licensing exam issued by the National Board of Medical Examiners (hereinafter NBME). By 1993, however, the NBME was replaced by a new three-step licensing examination known as the United States Medical Licensing Examination (hereinafter USMLE). A seven-year transition period was instituted in which applicants were permitted to substitute a passing score on either step I or II of the NBME for steps I and II of the USMLE, provided that all testing was completed by December 31, 1999. Accordingly, as of January 1, 2000, the only acceptable test for licensing in New York was the USMLE.

Petitioner, seeking to substitute his passing score from step I of the NBME for step I of the USMLE, thereafter passed step II of the USMLE in 1997. This qualified him to take step III of the USMLE which could result in his licensure if all of his testing was completed by December 31, 1999. After two failed attempts, petitioner took and again failed step III of the USMLE in December 1999, his last opportunity before the transition period expired. During that computerized exam, a malfunction caused the computers to shut down for a half-hour period; petitioner's prior work on the exam was not lost and the malfunction did not shorten his time to complete the exam.

Upon learning that he failed the exam by one point, petitioner requested that the minimum passing score of 75 be waived and that his failing exam score of 74 be accepted. He contended, among other things, that his failure was due to a severe anxiety response which was triggered by the computer malfunction; he proffered a confirming medical opinion. Respondent denied his request and this CPLR article 78 proceeding ensued. Supreme Court upheld respondent's determination as rational, but, sua sponte, ordered respondent to extend the seven-year transition

period to permit petitioner to retake step III of the USMLE.* Respondent appeals.

The sole issue is not whether Supreme Court properly denied petitioner's application for a waiver of the licensing requirements, but whether Supreme Court exceeded its authority when it waived the seven-year transition period. Pursuant to the Education Law, respondent has the authority to set education, experience and examination requirements for medical licensure, and waive such requirements if other indicia of proficiency have been "substantially met" (see Education Law § 6506 [5]; § 6524 [4]; Matter of McDonagh v Ambach, 140 AD2d 914, 916 [1988]). Such determination will be upheld if it has a rational basis (see Matter of McDonagh v Ambach, supra at 916; Matter of Lock v New York State Educ. Dept., 102 AD2d 979, 980 [1984], lv denied 64 NY2d 604 [1985]). Intrinsic thereto is the ability of respondent to " 'consider the matter, make its ruling, and state the reasons for its action' " (Young Men's Christian Assn. v Rochester Pure Waters Dist., 37 NY2d 371, 375 [1975], quoting Unemployment Compensation Commn. of Alaska v Aragon, 329 US 143, 155 [1946]).

Here, Supreme Court did not permit respondent to consider waiving the seven-year transition period; it granted relief which was neither requested by petitioner in his CPLR article 78 proceeding nor in his application to respondent. For this reason, we find Supreme Court to have exceeded its authority by usurping respondent's administrative function (see Burke's Auto Body v Ameruso, 113 AD2d 198, 200-201 [1985]; see also Matter of Steen v Governor's Off. of Empl. Relations, 1 AD3d 644, 645 [2003]; Matter of Skorin-Kapov v State Univ. of N.Y. at Stony Brook, 281 AD2d 632, 633 [2001], lv denied 96 NY2d 720 [2001]).

Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as directed respondent to allow petitioner to retake step III of the United States Medical Licensing Examination; and, as so modified, affirmed.

---

* Petitioner did not cross-appeal from Supreme Court's judgment upholding respondent's determination. He did, however, move to reargue, claiming that he should not have to retake the entire step III exam. Respondent opposed and cross-moved to reargue that the court exceeded its authority. By decision and order dated March 10, 2004, Supreme Court denied both motions.