■ In the Matter of SPECTACULAR LIMO LINK, INC., Appellant. COMMISSIONER OF LABOR, Respondent. [800 NYS2d 794]—

Appeal from a decision of the Unemployment Insurance Ap-

peal Board, filed November 29, 2004, which ruled that Spectacular Limo Link, Inc. was liable for unemployment insurance contributions on remuneration paid to certain drivers.

Spectacular Limo Link, Inc. operates a limousine transportation service and hires drivers by advertising and by word-of-mouth referrals. The drivers are assigned jobs, told where and when to go and are required to display Spectacular's sign when picking up passengers. Spectacular sets the rates that passengers are charged and handles all the billing, collecting fares and customer complaints. Upon completion of their assignments, the drivers submit to Spectacular their receipts and vouchers, along with their daily logbook, and are paid 65% of the fares they collect each week. The drivers are not allowed to use substitute drivers without Spectacular's prior approval.

Under the circumstances presented here, the Unemployment Insurance Appeal Board's decision finding the limousine drivers to be employees and assessing Spectacular additional contributions is supported by substantial evidence and must be sustained (*see Matter of De Paiva [Olympic Limousine—Commissioner of Labor]*, 270 AD2d 534, 534-535 [2000]; *Matter of Jarzabek [NYC Two Way—Sweeney]*, 235 AD2d 878 [1997]; *Matter of Freidenberg [Limousine Resources Mgt. Corp.—Sweeney]*, 235 AD2d 866 [1997]). The fact that the record also contains evidence which would support a contrary conclusion does not mandate reversal under these circumstances (*see Matter of De Paiva [Olympic Limousine—Commissioner of Labor], supra* at 535).

Cardona, P.J., Mercure, Peters, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.