*855 Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 8, 2007, which assessed Automotive Service Systems, Inc. for additional unemployment insurance contributions.
Automotive Service Systems, Inc. is in the business of dispatching drivers to clients in need of transportation services. It maintains a list of between 30 and 50 drivers compiled through referrals from drivers it has previously used. The Unemployment Insurance Appeal Board found that an employment relationship existed between Automotive and the drivers and assessed it additional unemployment insurance contributions in the amount of $19,754.76. Automotive appeals.
Initially, we note that the existence of an employment relationship is a factual issue for the Board to decide and its determination will be upheld if supported by substantial evidence (see Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]; Matter of Parisi [Commissioner of Labor], 54 AD3d 456, 457 [2008]). While no single factor is determinative, control over the results produced or the means used to achieve those results are pertinent considerations, with the latter being more important (see Matter of Ted Is Back Corp. [Roberts], 64 NY2d 725, 726 [1984]; Matter of Booth [Eagle Intl., Inc.—Commissioner of Labor], 26 AD3d 692, 692-693 [2006]).
In the case at hand, evidence was adduced that Automotive paid the drivers a set percentage of the fee it charged, plus gratuities and expenses, without regard to whether it received payment from its clients, and it tendered payment after the drivers completed the trip sheets it supplied. In addition, it provided the drivers with specific pickup and drop-off information and required them to arrive 10 minutes in advance, wear dark-colored business attire, drive a luxury sedan and hold up a sign with either Automotive’s name or the name of the client’s company. Automotive also provided workers’ compensation coverage and fielded all customer complaints. Notwithstanding the existence of evidence that would support a contrary conclusion, the foregoing indicates that Automotive exercised sufficient control over important aspects of the drivers’ work to be considered their employer (see Matter of Human Performance, Inc. [Commissioner of Labor], 28 AD3d 971, 972 [2006]). Inasmuch as substantial evidence supports the Board’s decision, we decline to disturb it (see e.g. Matter of De Paiva [Olympic *856 Limousine—Commissioner of Labor], 270 AD2d 534 [2000]; Matter of Freidenberg [Limousine Resources Mgt. Corp.—Sweeney], 235 AD2d 866 [1997]; cf. Matter of Pavan [UTOG 2-Way Radio Assn.—Hartnett], 173 AD2d 1036 [1991], lv denied 78 NY2d 857 [1991]).
Cardona, EJ., Peters, Carpinello, Lahtinen and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.