■ In the Matter of Mohamed M. Khan, Respondent. Mirage Limousine Service, Inc., Appellant; Commissioner of Labor, Respondent. [886 NYS2d 776]—

Kane, J. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed July 25, 2008, which ruled that Mirage Limousine Service, Inc. was liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.

Mirage Limousine Service, Inc. operates a black car limousine business that provides its clients transportation to and from prescribed destinations. In separate decisions, the Unemployment Insurance Appeal Board determined that an employer-employee relationship existed between Mirage and claimant, a limousine driver, and others similarly situated and assessed Mirage additional unemployment insurance contributions. Mirage now appeals both decisions.

We affirm. Initially, Mirage contends that it was deprived of its due process rights by the Administrative Law Judge's denial of its request for an adjournment of the initial hearing on this matter in order to obtain counsel. We disagree. Although notice of the hearing date was given only a week before the hearing, Mirage was aware of its need for counsel when it requested the hearing months earlier. A review of the record indicates that Mirage was afforded the opportunity, both prior to and at the start of the hearing, to either withdraw from the hearing and obtain counsel, with the understanding that a default judgment would be entered against it, or to continue with the hearing without representation. It was further explained that if Mirage withdrew its appearance from the hearing, it would then be able to move to reopen the matter once counsel had been obtained, and a new hearing would be held if the motion were granted. Mirage then decided to proceed with the hearing without counsel. Under these circumstances, we cannot conclude that Mirage was deprived of due process (*see Matter of Crisalli [Commissioner of Labor]*, 279 AD2d 925, 925 [2001]; *Matter of Palmer [Rescue Mission Alliance of Syracuse—Commissioner of Labor]*, 273 AD2d 525, 525-526 [2000]).

Turning to the merits, "the existence of an employment relationship is a factual issue for the Board to decide and its deter-

mination will be upheld if supported by substantial evidence" (*Matter of Automotive Serv. Sys., Inc. [Commissioner of Labor]*, 56 AD3d 854, 855 [2008]; *see Matter of Parisi [Commissioner of Labor]*, 54 AD3d 456, 457 [2008]). Here, the record establishes that Mirage assigned jobs to the drivers, including specific pick-up and drop-off locations, had a required dress code and did not allow the drivers to use a substitute driver to complete an assignment. Mirage also set the rate collected from the passengers and handled all voucher billing. In addition, Mirage paid the drivers a set percentage of the fares charged, regardless of whether the client had paid. Given these facts, substantial evidence supports the Board's decision that the limousine drivers were employees of Mirage and it will not be disturbed, despite evidence in the record which might support a contrary conclusion (*see Matter of Odyssey Transp., LLC [Commissioner of Labor]*, 62 AD3d 1175, 1176 [2009]; *Matter of Automotive Serv. Sys., Inc. [Commissioner of Labor]*, 56 AD3d at 855; *Matter of Eliraky [Crosslands Transp., Inc.—Commissioner of Labor]*, 21 AD3d 1197, 1198 [2005]; *Matter of Spectacular Limo Link, Inc. [Commissioner of Labor]*, 21 AD3d 1172, 1173 [2005]; *Matter of De Paiva [Olympic Limousine—Commissioner of Labor]*, 270 AD2d 534, 534-535 [2000]).

Mercure, J.P., Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the decisions are affirmed, without costs.