*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: April 23, 2015                519270
_____

In the Matter of the Claim of
    JUNE-IL KIM,
                        Respondent.

SUK INCORPORATED, Doing                MEMORANDUM AND ORDER
    Business as RAINBOW
    LIMOUSINE,
                        Appellant.

COMMISSIONER OF LABOR,
                        Respondent.
_____

Calendar Date:   March 23, 2015

Before:   McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

                    _____

        Dawn M. Cardi & Associates, New York City (Chad L. Edgar of
counsel), for appellant.

        Bidol-Lee Law, PC, Ridgewood, New Jersey (HyoSung Bidol-Lee
of counsel), for June-Il Kim, respondent.

                    _____

Egan Jr., J.

        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed August 27, 2013, which ruled that claimant was
eligible to receive unemployment insurance benefits.

        SUK Incorporated operates a black car limousine business
that transports clients in and around New York City.  Claimant
worked for SUK for several years and, after he was terminated in
2010, applied for unemployment insurance benefits.  The
Department of Labor concluded that claimant's base period
employment with SUK was not covered employment under Labor Law

§ 511 because there was insufficient evidence to establish that an employment relationship existed between SUK and claimant. The Unemployment Insurance Appeal Board ultimately disagreed and found that, because claimant was an employee of SUK, he was eligible to receive benefits. SUK now appeals.

We affirm. It is well settled that "the existence of an employment relationship is a factual issue for the Board to decide and its decision will be not disturbed if supported by substantial evidence" (Matter of Anwer [Exclusive Fragrance & Cosmetics, Inc.—Commissioner of Labor], 114 AD3d 1114, 1115 [2014]; see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]). "An employer-employee relationship exists when the evidence shows that the employer exercises control over the results produced or the means used to achieve the results," with control over the latter being more important (Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d at 437 [citation omitted]; see Matter of Anwer [Exclusive Fragrance & Cosmetics, Inc.—Commissioner of Labor], 114 AD3d at 1115).

Here, the record establishes that SUK assigned jobs to claimant and fielded complaints from its customers. Additionally, SUK imposed numerous restrictions upon claimant, including prohibiting him from working with its competitors, imposing detailed rules as to acceptable work dress and behavior and requiring him to drive a specific type of car. SUK also set the rate collected from the passengers and handled all voucher billing. Thus, despite proof that might support a different conclusion, substantial evidence supports the Board's decision that claimant was an employee of SUK (see Matter of Khan [Mirage Limousine Serv., Inc.—Commissioner of Labor], 66 AD3d 1098, 1100 [2009], lv denied 13 NY3d 717 [2010]; Matter of Spectacular Limo Link, Inc. [Commissioner of Labor], 21 AD3d 1172, 1173 [2005]). As a final matter, the Board need not "explicitly distinguish in its written decisions each and every arguably similar case that it previously has decided" and, hence, was not required to address the distinguishable cases relied upon by SUK (Matter of Westney [Classic Airport Share-Ride], 262 AD2d 894, 895 [1999]).

McCarthy, J.P., Devine and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court